**In re Dale Francis KOCH a/k/a Dale Koch, Pamela Ann Koch a/k/a Pam Koch a/k/a Pamela Ann Edwards, Debtors.**

**In re Dennis Eugene HIATT a/k/a Dennis Hiatt a/k/a Dennis E. Hiatt, Debtor.**

**Bankruptcy Nos. 80–40948, 80–41056.**

United States Bankruptcy Court, D. Kansas.

Aug. 13, 1981.

Anne E. Lolley, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for debtors.

Cary L. Standiferd, Topeka, Kan., trustee.

Jerold E. Berger, Topeka, Kan., trustee.

## MEMORANDUM AND ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

In each of the two cases at issue the trustee claims an income tax refund due and owing the debtor for the tax year 1980 as an estate asset pursuant to 11 U.S.C. § 541. Each debtor, having received an order for relief before the end of the tax year 1980, objects to the trustee's claim to the refund. Each debtor claims that the refund is not property of the estate as that is defined by 11 U.S.C. § 541. In the alternative, the debtors claim that if a refund is property of the estate it may be exempted to a debtor as wages pursuant to K.S.A. § 60–2310.

The trustee in the Koch case is Jerold E. Berger. The trustee in the Hiatt case is Cary L. Standiferd. Both trustees are attorneys and have been appointed as their own counsel.

The cases have similar facts and identical issues of law and are consolidated for decision pursuant to Federal Rule of Civil Procedure 42 and Bankruptcy Rule 742.

## ISSUES

Is all or any portion of a debtor's tax refund for the year in which a petition for relief is granted an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541.

If all or any portion of such a refund is an estate asset, may it be exempt as wages pursuant to K.S.A. § 60–2310.

## FACTS

No facts are in dispute. In the Hiatt case an order for relief was entered on November 17, 1980. In the Koch case an order for relief was entered on December 30, 1980. The debtors' tax returns are filed for the calendar year, thus the debtors' returns for the year 1980 were neither due nor filed at the time of entry of the order for relief. Subsequent to January 1, 1981, the debtors prepared and filed tax returns. The return of the debtors Koch generated a refund in the approximate amount of $1,200. The return of the debtor Hiatt generated a refund in the approximate amount of $700. No unusual occurrences contributing to generation of the refunds have been noted. The trustees, in February, 1981 at hearings held pursuant to 11 U.S.C. § 341, demanded that the debtors turn over any refund received for the tax year 1980 to them as part of the bankruptcy estates created by 11 U.S.C. § 541.

## CONCLUSIONS OF LAW

■ Property of the bankruptcy estate created by commencement of a case under title 11 of the United States Code is defined by § 541. It consists of all legal and equitable interests of the debtor. The scope of the definition is broad and includes all types of property and rights to property the debtor possesses with few statutorily noted exceptions. At the time an order for relief is filed, virtually all of the debtor's property becomes property of the bankruptcy estate. In order for the post filing debtor to accumulate property, it must be acquired from the estate through the exemption process or from other sources. House Report 95–595, 95th Cong., 1st Sess., pg. 367, U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The Supreme Court in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), held that a business generated loss carryback tax refund was property within the meaning of § 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5). The Court reasoned that the refund was sufficiently rooted to the pre-bankruptcy past that it should be regarded as estate property. In *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the Court held that a wage earner's tax refund was property within the meaning of § 70(a)(5). The Court further found that the refund

was neither wages nor the equivalent of wages and that depriving the bankrupt of the refund would not hinder his fresh start.

The Consumer Protection Credit Act dealt with in *Kokoszka* is similar in wording and design to K.S.A. § 60–2310. Both statutes protect the earnings of individuals from excessive garnishment. The language of neither statute is sufficiently broad to include a tax refund as disposable earnings currently received as a periodic payment from an employer.

Though both *Segal* and *Kokoszka* were decided prior to the advent of the Code, their holdings were neither circumvented nor obviated by it. That pronouncement as to what is property under § 70(a) of the Bankruptcy Act can only be enlarged by the expanded language found in § 541 of the Code. As stated in the legislative history of § 541, the result of *Segal* is followed and the right to a refund is property of the estate. H.R. 95–595, *supra*.

The Court therefore concludes that the bankruptcy estate in the Hiatt case is entitled to 321/365 of the debtor's refund. The remaining portion of the refund is the debtors. The bankruptcy estate in the Koch case is entitled to 364/365 of the debtors' refund. The remaining portion of the refund is the debtors. See *In Re DeVoe*, 5 B.R. 618 (Bkrtcy.S.D.Ohio, 1980).

The Court further concludes that the debtors' objections to trustees' claims should be overruled.

IT IS SO ORDERED.