**In re INDOOR–OUTDOOR DINING, INC., Debtor.**

**Bankruptcy No. 83–02133–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Aug. 3, 1987.

Douglass E. Wendel, trustee.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Chief Judge.

A final meeting of creditors was held July 28 and three fee applications are before the court; C.P. Nos. 90, 143 and 144 filed by the trustee and his attorney.

### History of the Case

A voluntary chapter 11 petition was filed for this debtor in November 1983. The debtor operated a restaurant on premises owned by it. It had no other significant asset.

The debtor's chapter 11 plan was filed in May 1984. Confirmation was denied in August. The case was converted to chapter 7 and a trustee was appointed on August 7, 1984. The trustee immediately engaged counsel.

On the trustee's motion, the case was reconverted to chapter 11 in November 1984 and a plan was subsequently presented by the trustee. That plan was abandoned when the trustee was unable to sell the property and on the trustee's motion, the case was reconverted to chapter 7 on May 13, 1985.

On the prodding of a creditor (C.P. No. 109), the trustee gave notice in August 1985 that he would sell at auction held September 17 the real and personal property. The auction sale was held at a court session and the property was sold for a total cash price of $830,241 and the trustee received a 10% deposit of $83,241. The sale was approved by the court in September 1985. The sale was closed through a title company which received and disbursed all of the sale proceeds including the initial deposit; $770,447 was paid by the title company to secured creditors and $59,793 was paid to the trustee as the net proceeds available to the estate after the satisfaction of liens and the closing costs and expenses of the sale. The trustee has paid $7,260 in nonoperating expenses, leaving a balance presently available of $52,533.

Special charges against this estate in the amount of $149.75 have been incurred and are directed to be paid to the Clerk by the trustee.

### Trustee's Fee

■ The trustee applied in April 1985 (C.P. No. 90) for a fee of $2,592 upon the premise that he would receive and disburse $171,296 under the terms of the trustee's plan which was then under consideration. As has already been stated, the plan aborted and the trustee neither received nor disbursed any funds during the pendency of the chapter 11 proceeding. The restaurant was not operated during the trustee's chapter 11 tenure. The trustee's application of April 1985, is, therefore, denied.

In April 1987, the trustee filed a second application for a fee of $9,212 based upon his contention that "he has received $830,-241.08 during the administration of the estate". The requested fee represents the maximum amount permitted under 11 U.S.C. § 326(a) which provides for "reasonable compensation ... not to exceed" stipulated percentages:

> "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

At the hearing of July 28, trustee's counsel explained that the trustee's application is based upon his contention that disbursements by the title company are the equivalent of "moneys disbursed ... by the trustee" because the title company was "acting as the agent of the trustee".

The only record before me pertaining in any way to the sale of this property is the trustee's notice of sale (C.P. No. 114) and this court's order approving the sale (C.P. No. 122), neither of which makes any reference to the employment of a title company or furnishes any details concerning the sale other than a bare recital of the total price, the legal description of the property and the name of the vendee. If, as the trustee now states, a title company was retained as his agent, authority for that employment was never requested or approved by this court. I must assume, therefore, that the vendee insisted upon the title company's participation and the trustee acquiesced. I cannot equate disbursement by a title company with the trustee's disbursement based upon the record before me.

■ If the record before me supported the contention that the trustee actually delegated to a title company the collection and disbursement of the sale proceeds on his behalf, I would follow the decision in *In re New England Fish Company*, 34 B.R. 899

(Bankr.W.D.Wash.1983). Judge Steiner held that the trustee's maximum compensation must be based on actual monies disbursed and not on assets constructively disbursed. As pointed out by Judge Steiner, the statutory language is unambiguous. The statutory history suggests a deliberate rejection of some decisions under the former statutes which would equate the debtor's property with "moneys" administered by the trustee. This court is without authority to authorize compensation for the trustee in excess of $1,712. Compensation in that amount is, therefore, approved.

### Trustee's Counsel

■ Trustee's counsel seeks $20,000 for 160 hours spent since his employment in August 1984. (C.P. No. 143). I do not question either the time spent or the hourly rate, however, 20% of these services were performed while this case was reconverted to chapter 11 on the trustee's motion. The bulk of those services were the preparation and presentation of a plan which accomplished nothing, and some consideration must be given to that fact.

I find, therefore, that reasonable compensation for trustee's counsel's services in this case is $18,000 of which $1,844 is allocated to his services in chapter 11 and $16,156 is allocated to his services in chapter 7.