**In re HAYS BUILDERS, INC. Debtor.**

**Bankruptcy No. 88–25382–D(CRR).**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 29, 1988.
Order Supplemented on Reconsideration
Feb. 23, 1989.*

Preston Wilson, Memphis, Tenn., for debtor.

Madelyn C. Scott, Asst. U.S. trustee, Memphis, Tenn.

## MEMORANDUM OF OPINION AND ORDER ON OBJECTION BY UNITED STATES TRUSTEE TO CONFIRMATION OF THE DEBTORS PROPOSED PLAN OF REORGANIZATION

BERNICE BOUIE DONALD,
Bankruptcy Judge.

A hearing on the objection by the U.S. Trustee to Confirmation of the debtors' proposed plan of reorganization was held on December 19, 1988. This is a core proceeding.[1]

The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 1, 1988. Debtor's primary business is residential construction. In order to complete construction of certain houses, the debtor obtained the consent of Peoples Bank & Trust Company of Tupelo, Mississippi [hereinafter Bank] to use cash collateral and the Court approved this agreement on October 19, 1988. Pursuant to this agreement, Bank retained a lien on the proceeds of the sale to be held in escrow until such time as all three houses securing Bank's interest were sold. On October 14, 1988 and October 21, 1988, respectively, the debtor sold two homes with net proceeds totalling $14,672.15.

Bank, as construction lender, paid the appropriate sums to subcontractors and

---

* See 96 B.R. 142.

1. 28 U.S.C. § 157(b)(2)(L).

suppliers of the debtor from the monies realized by the sale of the homes. Without extinguishing the liens of subcontractors and materialmen, the debtor would not have good title to convey to the buyers.

The U.S. Trustee's position is that the funds distributed by Bank were constructively disbursed by the debtor. All cash disbursements by the debtor during the fourth quarter are calculated in determining the amount of fees due to the U.S. Trustee program. The subject homes were sold after September 7, 1988, within the time period of the fourth quarter. The U.S. Trustee avers that as a result of the sale of the two houses, total disbursements equal $167,827.85 for the fourth quarter. No disbursements were made during the third quarter, therefore, the U.S. Trustee seeks to collect the minimum fee of $150 for that time frame and $750 for the fourth quarter totalling $900.00.

However, the debtor disagrees with the calculation of fees by the U.S. Trustee. Thus the issues before the Court are: (1) Whether cash disbursements to creditors made by debtors construction lender are sufficient to constitute "disbursements by the debtor" pursuant to 28 U.S.C. § 1930(a)(6), and (2) whether fees due under 28 U.S.C. § 1930(a)(6) must be paid by the hearing on confirmation of the plan or by its effective date?

## DISCUSSION

In an effort to reorganize under Chapter 11, a debtor seeks to propose a plan of reorganization that will be approved by the Court at the confirmation hearing. A plan may be confirmed under Chapter 11 only if it complies with 11 U.S.C. § 1129.

The subsection under which the U.S. Trustee raises an objection to confirmation is 11 U.S.C. § 1129(a)(12) which states:

§ 1129. Confirmation of Plan

(a) The court shall confirm a plan only if all of the following requirements are met:

(12) All fees payable under § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

Therefore, under the above statute, if the debtor has failed to comply with 28 U.S.C. § 1930, the plan cannot be confirmed. The U.S. Trustee argues that the plan cannot be confirmed because the debtor failed to meet the requirements of 28 U.S.C. § 1930(a)(6) which are:

§ 1930. Bankruptcy Fees

(a) Notwithstanding § 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to § 156(b) of this title, the following filing fees:

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under Chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

As stated in the statute, the U.S. Trustee's fees are calculated on a quarterly basis according to the amount of funds disbursed during a particular period. It is understood that the statute refers to funds disbursed by the debtor, however, the statute is unclear in that the term disbursement is susceptible to multiple interpretations. Further, the term disbursement is not statutorily defined in the code. To date, there

are no cases that clarify the term disbursement as used in 28 U.S.C. § 1930(a)(6).

Absent relevant case law, the Court relies on the legislative history of § 1930(a)(6), being mindful, however, that deference is to be given the Supremacy of Congress and the Court must look to the plain meaning of the statute. The House Report indicates that the fee schedules adopted in § 1930(a)(6) are to enable the U.S. Trustee's operation to be self-funding. HR Rep. No. 99–764, 99th Cong., 2nd Sess. 26 (1986), U.S.Code Cong. & Admin.News 1986, p. 5227. However, these mechanisms were not instituted for the Trustee's program to make money for the government, but instead to fund its program.

The difficulty in ascertaining the meaning to be assessed the term "disbursement" is that "there is a basic difference, between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively ... enacted." *United States v. Locke*, 471 U.S. 84, 95, 105 S.Ct. 1785, 1792, 85 L.Ed.2d 64 (1985), *quoted in, In re Smith and Son Septic and Sanitation Service*, 88 B.R. 375, 382 n. 9 (Bankr. D.Utah 1988). Since Congress did not readily include in the statute constructive monies that do not actually pass through the debtor, it is difficult to determine if such funds are disbursements. "Disbursements" is defined as "to pay out commonly from a fund. To make payment in settlement of a debt or accounts payable." Black's Law Dictionary 416 (5th ed. 1979). Based on the definition of disbursements, any payment from a fund in satisfaction of a debt is a disbursement. However, this definition lends little aid in determining how Congress intends the term to be used, insofar as ascertaining from whom the funds must be disbursed.

 A better analogy, and one this Court chooses to follow is to equate the term "disbursements" in § 1930(a)(6) to disbursements used in calculating Chapter 7 Trustee's fees pursuant to 11 U.S.C. § 326. With this comparison, the Court can rely on relevant case law applying § 326.[2]

In *Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 423 (9th Cir.1983), the Court held that the sale of encumbered assets includes a constructive disbursement to the lien creditor, despite the fact that a portion of the assets value was never part of the bankruptcy estate for the trustee to distribute.[3] Therefore, the total value of the asset may be included in computing the trustee's fee.

Under section 326(a), a portion of the trustee's compensation is computed based on monies disbursed or turned over in the case by the trustee to parties in interest. The Court in *In re New England Fish Co.*, 34 B.R. 899 (Bankr.N.D. Washington 1983) discusses the construction of § 326(a) and the meaning of disbursing funds therein. In *In re New England Fish Co.*, the trustee argued that monies constructively received and disbursed should be calculated in the amount from which a percentage is taken to compute his compensation. *Id.* at 900. Under § 326(a), the premise is to ensure that a trustee's compensation is commensurate with his actual services. The position supported by legislative history and followed in *In re New England Fish Co.*, is that "trustee's compensation must be based on actual monies disbursed to parties in interest, and not on assets and settlements which can be construed as a constructive disbursement." The Court concluded that the statute was specific and would be interpreted according to the plain and ordinary meaning of its words. *Id.* at 901.

In *In re Indfoor–Outdoor Dining, Inc.*, 77 B.R. 952 (Bankr.S.D.Fla.1987), the trustee gave notice of the sale of debtors real and personal property. The sale was closed through a title company which dis-

---

2. See, *In re Smith and Son Septic and Sanitation Service*, 88 B.R. 375, 382 n. 8 (Bankr.D.Utah 1988), where Judge Judith A. Boulden anticipates the difficulty with the term disbursement in 28 U.S.C. § 1930(a)(6).

3. The Court does not now address, yet does acknowledge, the issue of whether the funds in dispute were ever property of the estate pursuant to 11 U.S.C. § 541. As logic would have it, if the funds were not property of the estate, the debtor could not then disburse them under 28 U.S.C. § 1930(a)(6).

bursed the sale proceeds to secured creditors and turned over the remaining funds to the trustee for the estate. The trustee argued that the funds disbursed by the title company should be equated with funds disbursed by the trustee because the title company was acting as an agent of the trustee. *Id.* at 953. The Court, in citing *In re New England Fish Co.*, supra, stated that the trustee's compensation is based on monies actually administered by him, and not on assets constructively disbursed. In *In re Palm Beach Resort Properties, Inc.*, 73 B.R. 323 (Bankr.S.D.Fla.1987), the trustee sought compensation based on money paid by a purchaser to a secured creditor of the debtor. The trustee conceded that the money never entered his possession and the Court denied him compensation based on those funds.

The majority of Courts support the principle that money constructively disbursed by parties other than the trustee, will not be included in calculating the trustee's fee under 11 U.S.C. § 326. By analogy, the term disbursement used in 11 U.S.C. § 326 is compared to that same term stated in 28 U.S.C. § 1930. The analysis is logical in that both provisions deal with fee assessments. However, one distinction is that the Court has the power to modify Chapter 7 trustee fees when equitable, while no such authority exists under § 1930(a)(6). Yet, this Court finds persuasive the analogy between code sections, and, therefore, relies on the holdings in cases decided under 11 U.S.C. § 326.

■ The final issue before the Court is whether the fees must be paid on or before confirmation or the effective date of the plan. Under 11 U.S.C. § 1129(a)(12), supra at page 80, fees assessed pursuant to 28 U.S.C. § 1930(a)(6) must either be paid by the confirmation hearing or the plan must provide for payment of the fees on the effective date of the plan. Cf., *In re Thurmon*, 87 B.R. 190 (Bankr.M.D.Fla.1988). "Usually, the effective date of a confirmed Chapter 11 plan is a specified point in time after the order of confirmation becomes nonappealable." 88 B.R. at 384 n. 11. The average period of time to allow a debtor to pay fees pursuant to 28 U.S.C. § 1930(a)(6) is within fifteen days of the courts order. See, *In re Rose*, 86 B.R. 439 (Bankr.E.D.Pa. 1988).

Payment of fees due the U.S. Trustee is a precondition of confirmation. *In re Bauckey*, 82 B.R. 13, 14 (Bankr.D.N.J. 1988). Yet the code itself allows some leeway in the payment of fees under § 1930. In *In re 1606 New Hampshire Ave. Associates*, 85 B.R. 298, 312 (Bankr.E. D.Pa.1988) the Court gave the debtor seven (7) days from the date of the order to remit to the clerk of the court, sums due pursuant to 28 U.S.C. § 1930(a)(6).

Other Courts have found the effective date is the "first business day that is at least fifteen (15) days after entry of the order confirming the plan. . . . Payments to be made on the effective date will be made on the effective date or as soon as practicable thereafter, but in no event more than ten days after the effective date." *In re Texaco*, 84 B.R. 893, 894 (Bankr.S.D.N. Y.1988).

## CONCLUSION

The basic premise underlying the assessment of fees pursuant to 28 U.S.C. § 1930(a)(6) is to allow the U.S. Trustee's program to be self-funding. The language of the statute indicates that the U.S. Trustee's fees in a Chapter 11 case are based on the amount of cash disbursed by the debtor during a given quarter.

After reviewing the legislative history of 28 U.S.C. § 1930(a)(6) and analyzing case law covering 11 U.S.C. § 326, the Court concludes that the disbursement by the debtors construction lender was not a disbursement by the debtor according to § 1930(a)(6) and therefore, those funds cannot be calculated in determining the fees of the U.S. Trustee.

The fees due the U.S. Trustee for the fourth quarter are to be calculated in accordance with the aforementioned ruling. The debtor is to pay the allowable fees within 15 days of the entry of this order.

IT IS SO ORDERED.