**In re HAYS BUILDERS, INC., Debtor.**

**Bankruptcy No. 88–25382–D(crr).**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Feb. 23, 1989.

Madalyn C. Scott, Atty., U.S. Trustee's Office, Memphis, Tenn.

Preston Wilson, Evans, Petree, Cobb & Edwards, Memphis, Tenn., for debtor.

## ON MOTION FOR RECONSIDERATION OF CONFIRMATION OF PLAN OF REORGANIZATION

BERNICE BOUIE DONALD,
Bankruptcy Judge.

### CASE HISTORY

The Court had before it, on February 13, 1989, a core proceeding [1] styled as a motion for reconsideration of a prior Order entered by the Court. The United States Trustee (U.S. Trustee) filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) on January 11, 1989, requesting that the Court amend its Order entered January 3, 1989, entitled "Memorandum Of Opinion And Order On Objection By The United States Trustee To Confirmation Of The Debtor's Proposed Plan Of Reorganization" [hereinafter "Order"], 95 B.R. 79.

In its Order, the Court stated that the funds on which the U.S. Trustee calculated

---

1. 28 U.S.C. § 157(b)(2)(L).

its fee were those disbursed by the debtor's construction lender. However, the parties have, subsequent to the entry of the Order, filed a stipulation of facts dated January 11, 1989. The stipulation of facts state that the funds in dispute were not those disbursed by the debtor's construction lender, but instead those funds disbursed by the closing attorney. The closing attorney disbursed funds to debtor's creditors from the proceeds of the sale of two homes built by debtor. The closing attorney, Mr. George McIngvale, disbursed the following amounts from the sale proceeds of lot 212: (1) $3,300.00—real estate commission, (2) $73,868.17—Peoples Bank & Trust, holder of first mortgage on lot 212, and (3) $99.75 —prorated 1988 taxes. The disbursements made from the sale proceeds of lot 109 were: (1) $4,000—real estate commission, (2) $900.00—loan discount fee, (3) $85,-292.93—Peoples Bank & Trust, holder of first mortgage on lot 109, (4) $265.00—warranty charge, and (5) $102.00 for prorated 1988 taxes. Total payments made by the closing attorney amounted to $167,827.85. The parties agree that the net proceeds, $14,672.15, were deposited in an interest bearing escrow account, therefore not disbursed by the closing attorney.

The U.S. Trustee argues that cause exists to amend the Court's Order because the Court based its ruling on an erroneous finding of fact. Further, the U.S. Trustee avers that the closing attorney was, for all practical purposes, the debtor's closing attorney, but admits that the closing attorney was acting for multiple parties. Thus, the U.S. Trustee contends that based on the assertion that the closing attorney was acting as agent for debtor, the funds were, in essence, disbursed by the debtor within the meaning of 28 U.S.C. § 1930(a)(6).

During the hearing, the debtor denied any intention to stipulate that the closing attorney was an agent or acted on behalf of the debtor.[2] The parties, in any event, agree that the closing attorney represented multiple interests in the sale transactions.

## DISCUSSION

This case does not necessarily involve a complicated fact pattern, however, inconsistencies between the facts presented orally at the hearing, and those presented in the parties respective Memoranda of Law, have caused some confusion. While the U.S. Trustee does refer to disbursements by the closing attorney in its Memorandum,[3] the debtor often discussed disbursements by the construction lender in reference to the issue at hand, without objection or clarification by the U.S. Trustee.

Based on the parties stipulation of facts, the issue must be re-evaluated in light of those facts. The issue is whether cash disbursements by the closing attorney constitute "disbursements by the debtor" pursuant to 28 U.S.C. § 1930(a)(6)?

As previously noted,[4] the term disbursement in 28 U.S.C. § 1930(a)(6) is not defined by the Bankruptcy Code. At present, there are no recorded cases interpreting the term used in the statute. Therefore, the Court, in its prior Order relied on case law interpreting the term disbursement in the context of 11 U.S.C. § 326.

A significant case discussed by the Court in its Order is *In re Indoor–Outdoor Dining, Inc.*, 77 B.R. 952 (Bankr.S.D.Fla.1987). In *In re Indoor–Outdoor Dining, Inc.*, the trustee in the Chapter 7 case, sold personal and real property of the debtor. The auction sale was approved by the Court and closed through a title company that received and disbursed the sale proceeds. *Id.* at 953. The trustee, in requesting his fees, contended that "disbursements by the title company are the equivalent of 'monies disbursed ... by the trustee' because the title company was acting as the agent of the trustee." *Id.*

The Court stated that if the title company was the agent of the trustee, authority for such employment was never granted by

---

2. See, page 3, Exhibit A stipulation of facts which states at one point "Debtors closing attorney".

3. Memorandum of Law in Support of Objection filed December 16, 1988.

4. See page 4 of the Court's Order.

the Court. Therefore, the Court assumed that the vendee insisted upon the title company's participation, and the trustee merely acquiesced. Moreover, the Court went further to state, that if the record supported a finding that the trustee delegated the duty of collecting and disbursing the funds to the title company, it would follow the holding in *In re New England Fish Company*, 34 B.R. 899 (Bankr.W.D.Wash.1983). In *In re New England Fish Company*, the Court found that a trustee's compensation must be based on actual monies disbursed, or turned over by the trustee to third parties. *Id.* at 902.

In making the analogy to the facts in *In re Indoor–Outdoor Dining, Inc.*, the Court finds that in the present case, the debtor never applied to the Court, pursuant to 11 U.S.C. § 327, to employ the closing attorney. Yet the Court acknowledges that the debtor did obtain permission to sell the houses out of the ordinary course of business. However, based on the record before Court, it cannot be assumed that the closing attorney was debtor's agent. Regardless, of whether the Court deemed the closing attorney the agent of the debtor, there is still authority which supports the contention that disbursements by the closing attorney are constructive disbursements, and, therefore, not disbursements by the debtor.

The Court recognizes the singular effect of holding that the disbursements in question are not disbursements by the debtor from which the U.S. Trustee can calculate its fees. Yet the Court does not see, as the U.S. Trustee argues, the far-reaching detrimental effect on the ability of the U.S. Trustee to carry out its duties. Since the U.S. Trustee's office is a self-funding institution, not a for-profit organization, it should not calculate its fees based on monies not actually disbursed by the debtor.[5]

Equity dictates that in order to promote the goals of the Bankruptcy Code, undue hardships not be placed on debtors that would frustrate the debtor's ability to reorganize. The method of calculation of the U.S. Trustee's fees, therefore, must be based on actual, rather than, constructive disbursements.

Therefore, based on the foregoing, and in reliance on the stipulation of facts entered by the parties, the fee due the U.S. Trustee for the fourth quarter shall not be calculated based on funds disbursed by the closing attorney, and IT IS SO ORDERED.

---

5. This Court does not address the issue of whether the minimum fee should be paid when no disbursements are made in a quarter, nor does it undertake to comment on whether the fee schedule in 28 U.S.C. § 1930(a)(6) unfairly discriminates between debtors with equivalent debts and assets.