**In re Bessie Laree ORNDOFF.**

**Bankruptcy No. 288–06886–A–7.**

United States Bankruptcy Court,
E.D. California.

May 1, 1989.

Charles R. Whitworth, West Sacramento, Cal., trustee.

Gerald Glazer, Sacramento, Cal., for debtor.

ORDER SUSTAINING OBJECTION

LOREN S. DAHL, Chief Judge.

STATEMENT OF FACTS:

On October 19, 1988 Bessie Orndoff filed a voluntary Chapter 7 bankruptcy petition

under title 11 of the United States Code. During 1988 Orndoff (hereinafter Debtor) was a wage-earner and had federal income tax withholdings taken out of her wages by her employer for the payment of her income taxes for the year. Debtor filed Schedule B–4 (Property Claimed as Exempt) in which she claimed exemptions of a potential tax refund and a money account at Dean Witter citing California Code of Civil Procedure Sections 704.070 and 706.010.

On December 19, 1988 the trustee filed a timely objection to the exemption claims.

ISSUE:

Can an asset, the source of which is wages, be considered "paid earnings" and qualify to be partially exempted under CCP Sections 704.070 and 706.010?

DISCUSSION:

To reach the issue of exemption it is first necessary to determine if an asset is within the property of the bankruptcy estate and subject to the claim of the trustee on behalf of the creditors. Once that determination is made the court will consider whether the debtor has properly exempted each asset thereby avoiding the trustee's claim.

Herein we are dealing with two specific assets; 1) a contingent asset—an income tax refund for the year in which the Chapter 7 petition was filed and 2) an existing asset—a money account worth $110 on deposit at Dean Witter at the time of filing.

### I. *Property of the Estate*

Property of the bankruptcy estate, created by commencement of a case under title 11 of the United States Code, is defined by Section 541. That section, in pertinent part, states:

(a) .... Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal and equitable interests of the debtor in property as of the commencement of the case.

"The scope of the definition is broad and.... [a]t the time an order for relief is filed, virtually all of the debtor's property becomes property of the bankruptcy estate." *In re Koch*, 14 B.R. 64, 65 (Bkrtcy. D.Kansas 1981) "... [I]t is clear that the debtor's estate includes any and all interest in property he owned, claimed or possessed as of the date of filing his voluntary petition in bankruptcy." *In re DeVoe*, 5 B.R. 618, 619 (Bkrtcy.S.D.Ohio 1980)

### A. *Income Tax Refund*

Debtor filed her Chapter 7 petition on October 19, 1988 and subsequently filed her income tax return for 1988 at the beginning of the following year. At the time final pleadings were submitted to the court the tax refund had not been received and the prospective value was estimated by the debtor to be $2,000.

The legislative history of 11 U.S.C. Section 541(a) states that the holding of *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) is followed under the Code and therefore the right to a tax refund is property of the estate. (House Report No. 595, 95th Congress, 1st Session pg. 367 (1977)), U.S.Code Cong. & Admin. News 1978, p. 5787.

The Supreme Court in *Segal* dealt with a contingent business loss carryback tax refund. In deciding whether the refund, which was based on money earned prior to the filing but received subsequent to the filing, was property of the estate, the test applied by the court was whether the property interest was "sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts ability to make an unencumbered fresh start that it should be regarded as property." The Court dealt with the fact that the refund was yet to be received by saying "... property has been construed most generously and an interest is not outside [the estate's] reach because it is novel or contingent or because enjoyment must be postponed." *Segal*, supra, 86 S.Ct. at p. 515.

The court in *Segal* indicated that the refund should be prorated as to pre-petition and post-petition amounts and only that portion of the debtor's tax refund attributable to pre-petition withholding would be considered part of the estate. *Segal*, supra, 86 S.Ct. at p. 515 n. 5.

518

The most generally used method of calculating the proration is to look to the percentage of days before and after the date of filing. This method has been found to be "... the most efficient method to determine how much the estate is entitled." (*In re Rash*, 22 B.R. 323, 326 (Bkrtcy.D. Kansas 1982) and has found favor with the Ninth Circuit (*In re Ryerson*, 739 F.2d 1423 (Ninth Circuit 1984) affirming 30 B.R. 541 (B.A.P.9th Circuit 1983)).

The Supreme Court specifically applied the holdings reached in *Segal* to an individual tax return in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and *Segal* (although a pre-Code decision) has been consistently followed and applied to Code cases involving income tax refunds. See: *In re Sutphin*, 24 B.R. 149 (Bkrtcy.E.D.Va.1982); *In re Rash*, 22 B.R. 323 (Bkrtcy.D.Kansas 1982); *Matter of Doan*, 672 F.2d 831 (11th Circuit 1982); *In re Verill*, 17 B.R. 652 (Bkrtcy.D.Maryland 1982); and *In re Koch*, 14 B.R. 64 (D.Kansas 1981).

The case at hand has no facts to distinguish it from *Kokoszka* and *Segal* or their modern counterparts. There can be no doubt that the income tax refund is property of the estate. However, debtor has a tax refund that arose as a result of 292 days of withholding before the filing and 73 days of withholding after the filing of the voluntary petition on October 19, 1988. Therefore the estate is entitled to 292/365th of the refund and the debtor is entitled to 73/365th of the refund. Of course, debtor is entitled to claim her exemptions against that portion of the refund deemed to be within the bankruptcy estate.

### B. *Dean Witter Account*

■ There appears to be no dispute as to whether the monies in this account are property of the estate. The only information submitted to the court concerning the $110 account at Dean Witter is found in the document titled Objection to Exemptions filed by the trustee on December 19, 1988. The trustee states in that document that "the debtor stated at the December 14, 1988 [Section] 341 meeting of creditors that the funds on deposit with Dean Witter were not current earnings, but had been in the account for some period of time". Clearly, this asset was acquired pre-petition and is within the property of the estate as defined in 11 U.S.C. Section 541.

### II. *Exemption*

Although bankruptcy is a matter of federal law, codified under title 11 of the United States Code, Congress in 11 U.S.C. Section 522(b) delegated to the state legislatures the right to determine the method by which exemptions could be claimed. The Code thus allows a state to "opt out" of the federal exemption scheme and to substitute its own scheme of exemptions if it wishes. The State of California has chosen to draft its own exemption list and has done so in Chapter 4 of the California Code of Civil Procedure wherein Section 703.140 states:

(a) If a petition is filed under title 11 of the United States Code, the exemptions provided by this chapter other than the provisions of subdivision (b) of this section shall be applicable, but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter....

Once the property becomes a part of the bankruptcy estate the debtor may exempt certain properties. *In re McManus*, 681 F.2d 353, 354 (5th Circuit 1980). "It is well settled that when a debtor claims an exemption and an objection thereto is raised, the burden of proof of entitlement to the exemption is on the debtor." (1A *Collier on Bankruptcy*, (14th Edition) Section 6.23).

■ Debtor's attorney has listed California Code of Civil Procedure Section 706.010 on the Schedule B-4. This section, as correctly pointed out by the trustee, is the title of Chapter 5, Wage Garnishment, and is not a part of Chapter 4, the chapter on Exemptions as discussed in CCP 703.140 above. It is thus not appropriately used on Schedule B-4.

It is debtor's contention: 1) that the tax refund and money account are earnings; 2) that the trustee's claim constitutes garnishment of those earnings; and 3) that as a

garnishment, 75% of those assets are exempt under CCP Section 704.070(b)(2).

Section 704.070(b)(2) states:

(2) Seventy-five percent of the paid earnings that are levied upon or otherwise sought to be subjected to the enforcement of a money judgment are exempt if prior to payment to the employee they were not subject to an earnings withholding order or a wage assignment for support.

For a definition of the term "paid earnings" the reader is directed by CCP Section 704.070(a)(2) to turn to CCP Section 706.-011. The latter section states:

(a) "earnings" mean compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus or otherwise.

### A. Tax Refund

■ The Supreme Court in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) dealt with the exact same situation wherein the bankruptcy referee directed debtor to turn over an income tax refund check. Debtor claimed that the refund was, in essence, wages that were being held, that such a turnover was garnishment and that therefore 75% of the refund was protected under the guidelines of the Consumer Credit Protection Act (15 U.S.C. §§ 1672, 1673). After determining that the refund was property of the estate the court held that the terms "earnings" and "disposable earnings" did not include a tax refund but were limited to "periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation." *Kokoszka, Supra*, 94 S.Ct. at p. 2436. The Ninth Circuit specifically quoted and followed this finding in *Usery v. First National Bank of Arizona*, 586 F.2d 107 (Ninth Circuit 1978). Also see: *In re Koch*, 14 B.R. 64 (Bkrtcy. D.Kansas 1981) and *Pallante v. International Venture Investments* 622 F.Supp. 667 (D.C.Ohio 1985).

Under the holdings of the above cases debtor's income tax refund does not constitute "earnings" or "paid earnings" as those terms are used in Section 704.070 of the CCP, nor can it be viewed as "wages". It is a claim for monies owed, a pre-petition asset amenable to the trustee's claim.

### B. Dean Witter Account

■ The debtor has not furnished the court any evidence or law as to why the funds in this account should be exempt and therefore has not met the burden of proof required by CCP 703.140. It should be pointed out that the appellate court whose earlier holding in *Kokoszka* was affirmed by the Supreme Court, stated pointedly: "Just because some property interest has its source in wages ... does not give it special protection, for to do so would exempt from the bankrupt estate most of the property owned by many bankrupts, such as savings accounts and automobiles which had their origin in wages". *In re Kokoszka*, 479 F.2d 990, 995 (2nd Circuit 1973). The Dean Witter account is just such a property interest and is covered by no special exemption.

### CONCLUSION:

The filing of a Chapter 7 petition clearly establishes a line of demarcation determining which of the debtor's assets is available to satisfy creditor's claims. A trustee is allowed to take pre-petition assets, even those not yet vested, and apply them towards satisfaction of pre-petition debts. However, creditors are stayed from garnishing the future wages of a debtor for satisfaction of those pre-petition debts. Assets (most notably wages) obtained post-petition are considered necessary to give a debtor a fresh start.

The debtor seems to be confusing bankruptcy action with garnishment action. Just because the tax return is an asset that will be received post-petition does not mean that the trustee is undertaking garnishment proceedings. Nor does the fact that an asset has its basis in wages mean that the claim of the trustee is a form of garnishment, A full reading of 11 U.S.C. 541, its legislative history and pertinent case law leaves no room for doubt as to what assets the trustee can claim. California's Code of Civil Procedure lists the allowable

exemptions. Section 704.070 of the CCP is a guideline for the garnishment of wages, not a limitation on the claims of a trustee in bankruptcy action to pre-petition (property of the estate) assets.

The court sustains the objection of the trustee to the debtor's claim of exemptions under CCP Sections 704.070 and 706.010. The pre-petition part of the tax refund and the Dean Witter money account are part of the bankruptcy estate subject to the trustee's administration thereof.

IT IS SO ORDERED.