## In re HAYS BUILDERS, INC., Debtors.
### Bankruptcy No. 88–25382–D(rs).

United States Bankruptcy Court,
W.D. Tennessee, W.D.

May 22, 1989.

See also, Bkrtcy., 96 B.R. 142.

Preston Wilson, Attorney for Debtor Evans, Petree, Cobb & Edwards, Memphis, Tenn., for debtor.

U.S. Trustee's Office, Madalyn Scott, Memphis, Tenn.

MEMORANDUM OF OPINION AND ORDER ON APPLICATION FOR ADDITIONAL ATTORNEY FEES AND RESERVATION OF FUNDS TO PAY SAME

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This core proceeding [1] is before the Court for hearing on application for additional attorney fees and reservation of funds to pay the same. The attorney for the debtor [2] has applied to the Court for approval of fees resulting from postconfirmation services. At the hearing held May 1, 1989, the United States Trustee (hereinafter U.S. Trustee), raised several objections to the fee application. The Court is called upon to determine whether postconfirmation legal fees incurred by the debtor's attorney in preparation for an appeal are properly payable by debtor from an escrow fund earmarked, pursuant to the plan, for creditors. The following shall constitute findings of fact on conclusions of law pursuant to Bankruptcy Rule 7052.

### Factual & Case Summary

Debtor, Hays Builders, Inc., filed a voluntary petition under Chapter 11 of the United States Code on August 1, 1988. Debtor's primary business purpose is the construction of residential houses.

The debtor's plan of reorganization, [3] proposes liquidation. The only source of revenue expected for distribution under the plan will result from the sale of several houses currently under construction by the debtor.

Attorney for debtor, Mr. Preston Wilson, sets forth in his fee application that since confirmation, he has expended substantial time aiding the debtor in preparation for the appeal filed by the U.S. Trustee. [4] Attorney Wilson seeks compensation for his services from either of two sources. One possible source of payment, alleges Wilson, is an escrow fund designated under the plan as funds for distribution to creditors. [5] Secondly, Wilson suggests that he submit a fee statement to the U.S. Trustee who would be responsible for prepayment of counsel fees.

---

1. 28 U.S.C. § 157(b)(2)(A)

2. Debtor, Hays Builders, Inc., is represented by Attorney Preston Wilson.

3. Debtor's plan was confirmed by this Court on January 24, 1989.

4. The U.S. Trustee appealed the Court's decision in its "Memorandum of Opinion and Order on Objection of the United States Trustee to Confirmation of the Debtor's Proposed Plan of Reorganization", entered December 29, 1988, 95 B.R. 79.

5. See debtor's Reorganization Plan filed September 16, 1988.

In response to the fee application of Attorney Wilson, the U.S. Trustee raised several objections. The U.S. Trustee asserts that the application is improper because the attorney's request to be paid fees from funds held in escrow is essentially a modification of debtor's confirmed plan. To make such a modification, certain requirements must be met.[6] In particular, only the debtor or proponent of the plan may move for a modification of the confirmed plan. The U.S. Trustee argues that since Attorney Wilson is neither of the above persons, he does not have standing to seek modification. Further, the U.S. Trustee states that Attorney Wilson has no basis under the law for his request for payment of fees from the U.S. Trustee's office.

### Discussion

Upon the filing of a petition under Chapter 11 of the Bankruptcy Code, an estate is created.[7] The debtor may continue to operate its business[8] having all rights, powers, and duties of a trustee.[9] The debtor's goal at the outset is to structure a plan of reorganization that will enable it to pay its debts and become a viable concern in the community. However, in some cases, debtors propose a reorganization plan which calls for liquidation of the business.[10]

In the present case, the debtor's liquidation plan was confirmed by the Court. Subsequent to confirmation, debtor's attorney rendered services in representing debtor on an Appeal filed by the U.S. Trustee. Several Courts have addressed the issue of postconfirmation services, and Court approval of compensation for those services.

In *In re Tri–L Corp.*, 65 B.R. 774 (Bankr.D.Utah 1986), the Court held that postconfirmation attorney's fees incurred by debtor's attorney, in furthering consummation of the Chapter 11 plan and pursuant to its directives, is allowed as an administrative claim.

Several Courts[11] have refused to grant postconfirmation expenses the status of administrative expense priority because under 11 U.S.C. § 503(b)(1),[12] an estate exists only until the plan is confirmed. Thereafter, all property revests in the debtor. Thus, there can be no services rendered to preserve the estate postconfirmation since no estate then exists. However, Judge Clark relied on Section 503(b)(2) in making his decision in *In re Tri–L Corp.*[13] The plan of reorganization in *In re Tri–L Corp.* contained a reservation of jurisdiction clause which allowed the Court to "[f]ix allowances of compensation and other administrative expenses."[14] After determining that the reservation of jurisdiction did not reach beyond the power of the Bankruptcy Court, and that the fees were for services performed to aid consummation of the plan, the Court awarded the fees as an administrative claim.

In *In re Sultan Corp.*, 81 B.R. 599, 600 (Bankr. 9th Cir.1987), the Court held that "attorney fees for postconfirmation legal services performed for debtor's estate were compensable as administrative expenses."

---

**6.** The U.S. Trustee further argues that modification requires a showing that substantial consummation of the plan has not taken place pursuant to the directives of 11 U.S.C. § 1127. Further, the requirements of 11 U.S.C. § 1125 & 1129 must be complied with for modification.

**7.** 11 U.S.C. § 541(a)

**8.** 11 U.S.C. § 1108

**9.** 11 U.S.C. § 1107

**10.** 11 U.S.C. § 1129(11).

**11.** *In re Tri–L Corp.*, 65 B.R. at 777

**12.** § 503. Allowance of administrative expenses.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(1)(A) *the actual, necessary costs and expenses of preserving the estate*, including wages, salaries, or commissions for services rendered after the commencement of the case (emphasis added):

**13.** § 503. Allowance of administrative expenses.
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(2) compensation and reimbursement awarded under section 330(a) of this title.

**14.** *Id.* at 778

Those cases holding that postconfirmation expenses are not considered administrative expenses have relied on 11 U.S.C. § 503(b)(1),[15] thus they are clearly distinguishable from the instant case.

In the present case, the plan states under section VI Retention of Jurisdiction: "2. Fixing expenses of administration and compensation to parties entitled thereto." From this provision in the plan, the debtor was apparently mindful that postconfirmation services may be necessary to effectuate the plan.

In *In re Tri–L Corp.*, the Court allowed postconfirmation attorney fees as administrative expenses because the services of the attorney were undertaken in consummation of the plan. The attorney in the instant case performed services relating to an appeal of a decision in the debtor's case. The appeal specifically related to the calculation of fees due the U.S. Trustee. Thus, in order to comply with the plan in paying the U.S. Trustee fees, the debtor must be represented on the appeal. It is not until the appeal has been decided by the District Court[16] that the debtor will be able to fully consummate the plan by paying all fees due pursuant to Section 1129. Therefore, the services by Attorney Wilson were undertaken in consummation of the plan and pursuant to its directives. To hold otherwise would be to inhibit attorneys from rendering postconfirmation services, that in many cases are vital to effectuating the provisions of the plan.

Therefore, pursuant to 11 U.S.C. § 330(a), the Court approves the application for fees, and further allows the claim as an administrative expense as section 503(b)(2) commands.

IT IS SO ORDERED.

---

**15.** *In re Frank Meador Buick, Inc.,* 59 B.R. 787 (Bankr.W.D.Va.1986); See e.g.; *United States v. Redmond,* 36 B.R. 932 (D.Kansas 1984).

**16.** Absent further appeal.