In re Herbert A. SPUNGEN, Debtor.

UNITED STATES, Appellant,

v.

Daniel L. FREELAND, Appellee.

Civ. No. H92–126.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 30, 1993.

Anthony T. Makin, Hammond, IN, for plaintiff.

Herbert A. Spungen, pro se.

Daniel L. Freeland, Highland, IN, Mary McClintock Kennedy, Merrillville, IN, Kenneth A. Manning, Dyer, IN, for defendant.

Nancy E. Hochman, South Bend, IN, for U.S. Trustee.

## ORDER

LOZANO, District Judge.

This matter is before the Court on the United States' Trustee's ("United States") appeal from the bankruptcy court's denial of the United States' objections to a fee application, filed by Daniel L. Freeland ("Trustee"), the Trustee of the debtor's estate. Being advised in the premises, this Court hereby REVERSES the order of the bankruptcy court.

### BACKGROUND

The debtor, Herbert A. Spungen filed a voluntary Chapter 7 petition on October 23, 1990. The Trustee was appointed interim chapter 7 Trustee of the debtor's bankruptcy estate on October 24, 1990, and made permanent Trustee shortly thereafter. On January 9, 1991, pursuant to 11 U.S.C. § 327(a), the Trustee filed and the bankruptcy court subsequently approved, the Trustee's application to employ Mary J. Green as his attorney. Ms. Green is an associate with the Trustee's law firm, Komyatte and Freeland, P.C.

The Trustee recovered as the estate's only asset the debtor's federal and state income tax refunds which totalled $1368.64. Pursuant to his duty under 11 U.S.C. § 704(9), the

Trustee submitted to the United States a final report of the administration of the estate. Separately filed but also incorporated as Exhibit "A" to the Trustee's final report, was the Statement of Services and Application ("fee application") of Attorney Green. As part of his statutory duties, the United States' Trustee monitors applications for compensation filed under section 330 of Title 11. 28 U.S.C. § 586(a)(3)(A). Pursuant to this duty, the United States filed its comments and objections to the fee application on November 19, 1991. The United States objected to several things, including that the attorney work reflected in the fee application were duties statutorily required to be performed by the Trustee, that the fee application did not show that the work performed was legal, and that the compensation requested in the fee application should be reduced accordingly. As there were a total of seven cases pending in which the United States had filed nearly identical objections to the fee applications of the Trustee's law firm, the bankruptcy court consolidated these cases for purposes of rendering an opinion on the common issues. In six of the seven cases, the sole asset collected for the benefit of the creditors of the estate was the debtor's federal and/or state income refunds. On March 13, 1992, the bankruptcy court issued its order which overruled the United States' objections to the fee application.

## DISCUSSION

■■■■ The United States claims that the bankruptcy court abused its discretion in overruling its objections. A bankruptcy court is entitled to deference on an award of fees and a district court will not disturb its findings absent an abuse of discretion. *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877 (11th Cir.1990). A court abuses its discretion when it fails to apply proper legal standards, to follow proper procedures, or by basing an award on findings of fact that are clearly erroneous. *Id.; Cohen & Thiros, P.C. v. Keen Enterprises, Inc.*, 44 B.R. 570, 572 (Bank.N.D.Ind. 1984) (citing *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981). A district court will not disturb a bankruptcy court's finding of fact unless clearly erroneous. Fed. R.Bank.P. 8013; *Matter of Boomgarden*, 780

F.2d 657, 660 (7th Cir.1985). A bankruptcy court's conclusions of law are subject to a *de novo* review. *In re Tynan*, 773 F.2d 177, 178 (7th Cir.1985). However, a determination of whether certain services are legal is a legal issue and the "clearly erroneous" standard may not be used. *In re Meade Land & Dev. Co.*, 527 F.2d 280, 283 (3rd Cir.1975).

The statutory duties of a Chapter 7 trustee are to:

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interest of the party in interest;

(2) be accountable for all property received;

(3) insure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, filed with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

11 U.S.C. § 704 (1993).

One way a trustee is compensated is by receiving $45 from the filing fee of each case

the trustee administers. 11 U.S.C. § 330(b). Another way is by receiving a percentage of the funds disbursed in "asset cases", those cases in which the debtor has non-exempt property the trustee was able to collect and reduce to money for the benefit of creditors. *See* 11 U.S.C. § 326(a). A trustee is allowed to hire counsel to represent him or to assist him in carrying out his statutory duties. 11 U.S.C. § 327(a). A trustee may even hire himself as attorney if it is in the best interest of estate. 11 U.S.C. § 327(d). However, when the trustee is acting as an attorney for the estate, the bankruptcy code prohibits the award of attorney's fees for duties which the trustee generally performs without the assistance of an attorney. Section 328(b) of the Bankruptcy Code provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for the performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

In small cases, the $45 fee that a trustee receives is inevitably lower than the compensation the trustee would receive if the trustee is employed as an attorney acting on behalf of the estate. In fact, it is possible that attorney's fees could eat up the entire portion of the debtor's estate. To remedy this situation, the local bankruptcy courts have developed an informal "50% Rule". Under this informal court rule, in Chapter 7 estates where the sole asset is a tax refund, the court awards the trustee, as attorney, a total of up to 50% of the tax refund collected in combined statutorily set trustee compensation under 11 U.S.C. § 326(a) and attorney for trustee fees and expenses under 11 U.S.C. § 330(a). The rationale behind this 50% rule is to ensure that the estate assets are not consumed by expenses of administra-

tion, and that unsecured creditors will receive a piece of the pie.

■ In this case, the bankruptcy court, while noting that several of the United States' objections were valid, by citing a lengthy unpublished opinion in the case of *In re Golden,* Case No. 83 61817, July 10, 1987 (Bankr.N.D.Ind.1987), nevertheless found that "it is in the overall best interest of the bankruptcy system to continue to allow the trustee to retain counsel in these nominal tax refund cases, although many of the services rendered by a trustee's counsel in those cases could well be classified as those to be performed by the trustee." Slip Op. at 27.[1] The court's rationale was that to keep competent and active trustees on the panel, the trustee's work must be economically rewarding, and the $45 flat compensation rate does not pose such an incentive. Otherwise, the court found that the system will be left with inexperienced and apathetic trustees who will not perform these valuable services to ensure that the integrity of the system is preserved.

In holding such, the bankruptcy court abused its discretion in finding that its "policy" rationale overrides the bankruptcy code. The effect of the judge's holding is to allow attorneys to obtain their fees through the back door which they were not statutorily entitled to in the first place. A plethora of cases have held that an attorney for a Trustee is not to be compensated for tasks which are properly the statutory responsibility of the Trustee. *In re King,* 88 B.R. 768, 770 (Bankr.E.D.Va.1988); *In re Meade Land & Dev. Co.,* 527 F.2d 280, 285 (3rd Cir.1975) (decided under the Bankruptcy Act); *In re Wiedau's, Inc.,* 78 B.R. 904, 907 (Bankr. S.D.Ill.1987); *In re Wildman,* 72 B.R. 700, 706 (Bankr.N.D.Ill.1987); *In re Taylor,* 66 B.R. 390, 392 (Bankr.W.D.Pa.1986). It is the bankruptcy court's duty to determine whether the services rendered by the attorney were legal in nature or whether they are actually ministerial duties of the Trustee. *Taylor,* 66 B.R. at 393.

In this case, the bankruptcy court abused its discretion by awarding attorney's fees before determining whether the fees were

---

**1.** The bankruptcy court made it clear that its decision has no application to cases that involve

the administration of assets other than only a tax refund.

legal in nature or for services which could have been performed by the Trustee. In effect, the bankruptcy court wrote a blank check to the attorney and the Trustee for up to 50% of the debtor's estate. Even were this Court to find that implicit in the bankruptcy court's order is the finding that all the fees incurred by the Trustee's attorney were legal in nature, the Court must find that that determination would also be an abuse of discretion.

■ Courts have consistently required that the demarkation between the Trustee's services and the attorney's services be clear and distinct in the attorney's application, and that the specific subject matter and nature of the problem that required legal services be apparent from the records. *Matter of Minton Group, Inc.*, 33 B.R. 38, 40 (Bankr. S.D.N.Y.1983); *Wildman*, 72 B.R. at 707. The burden rests on the attorney requesting compensation to justify the services rendered. *In re Whitney*, 27 B.R. 352, 354 (Bankr.Me.1983). "Where insufficient explanatory information is provided for determining the precise nature of the services rendered, the [C]ourt is compelled to determine that the services are not compensable as legal services." *Id.*

In this case, the nature of services for which the Trustee hired an attorney is as follows: 1) review of bankruptcy schedules; 2) confer with Trustee and assets discovered during section 341 meeting; 3) preparing the application to employ attorney; 4) preparing the Trustee's turnover request for debtor's tax refund to the taxing authorities and correspondence related thereto; 5) opening a bank account to hold any assets recovered; 6) reviewing the file and calculating monies earned post-petition; 7) preparing the Trustee's final report; 8) future activities including filing the Trustee's supplemental final report; 9) preparing the fee application; and 10) attending a final meeting of creditors. It is not evident from the list of the nature of services that the nature of the problem requires legal services. Nor is it evident in the fee application's narrative.

■ Even considering the Trustee's arguments to explain why his itemizations are for legal services, the Court must find that the Trustee has not met his burden in justifying the legal services rendered. The Trustee claims that the review of the bankruptcy schedules was the first step for Ms. Greene to familiarize herself with the case, and to ensure that they were proper, in order, and to gain information on the property of the estate. However, reviewing the debtor's schedules and activities in conjunction with the section 341 meeting are the Trustee's duties. *Matter of Wilmon, Inc.*, 61 B.R. 989, 993 (Bankr.W.D.Pa.1986). Arguably, conferring with the Trustee on assets discovered during section 341 meeting may require a legal determination of what is property of the estate, other than the income tax refund. However, this is not evident from the itemization provided by Ms. Greene.

■ The Trustee falls on much shakier ground when it justifies Ms. Green's preparation of the Trustee's application to employ Ms. Green by stating that "[c]ommon sense dictates that if a Trustee requires an attorney to take care of something that the Trustee cannot understand, then the Trustee will most likely have a difficult time explaining these specific tasks the attorney is required for." (Trustee's Brief at 9) Under this rationale, a Trustee would need to employ an attorney to fill out an application to appoint the attorney every time he was unsure whether or not an attorney was necessary. The Trustee is required to make the initial review of the financial affairs of the debtor in order to decide whether attorney services for such matters are needed, and if the Trustee can't perform the duties of a Trustee with a modicum of proficiency, he is not authorized to be a Trustee. *See In re McKenna*, 93 B.R. 238 (Bankr.E.D.Cal.1988). As to the preparation of the Trustee's turnover request, the Trustee attempts to justify this service by stating that the requests qualify as pleadings to the agencies involved, and that had the agencies not mailed the refund checks to the debtor, the pleadings would have represented a prelude to a full court action. (Trustee's Brief at 9) In this case there was no full court action, and these initial requests to taxing authorities should be performed by the Trustee as part of his section 704(1) duty to collect property of the

estate. The Trustee concedes that it doesn't take much legal expertise to open a bank account, and thus this service should have been performed by the Trustee.

 As to the calculation of monies earned post-petition, the Trustee argues that a legal determination needs to be made regarding how much of their refund should go to the debtor's estate and to the debtor himself. However, what the Trustee neglects to point out is that this division is made according to how many days into the calendar year the debtor filed his bankruptcy petition. *See In re Orndoff*, 100 B.R. 516, 517 (Bankr.E.D.Cal.1989); *In re Koch*, 14 B.R. 64 (Bankr.D.Kan.1991). Therefore, this determination appears to be a mathematical and not a legal calculation which should be performed by the Trustee. Preparing the Trustee's final report is a Trustee function, and the same rationale applies to preparation of the Trustee's supplemental final report. *See In re McKenna*, 93 B.R. at 241.[2] Of course, preparing a fee application is within the province of an attorney. However, when attorney's fees cannot be justified, the time spent preparing the fee application must be disallowed.

As to attending a final meeting of creditors, the Trustee argues that Ms. Green was required to be present at the hearings because of the possibility that she would have to defend against objections to claims and to her fee petition. However, as stated earlier, where an attorney's fees cannot be justified, his presence at the hearing also cannot be justified. Finally, to the extent that attorney compensation may be awarded for services which coincide or overlap with Trustee duties, and only to the extent that the matters require legal expertise, such an award may be made only when unique difficulties arise. *In re J.W. Knapp Co.*, 930 F.2d 386, 388 (4th Cir.1991). In this case, the Trustee has not proven to the Court's satisfaction that any unique difficulties have arisen to explain an award of fees for services which overlap with the Trustee's duties.

**2.** Under certain circumstances attorney's fees for future services may be allowed. *See In re Hays Builders, Inc.*, 99 B.R. 848 (Bankr.W.D.Tenn.

## CONCLUSION

The bankruptcy court abused its discretion in finding that its policy in compensating attorneys for handling small bankruptcy cases without respect to whether legal fees are necessary overrides the bankruptcy code's provisions that an award of attorney's fees may be made only when the services rendered were legal in nature, and not a duty of the Trustee. In doing so, the bankruptcy court has acted as a legislator, a function which is properly left to the legislative process and Congress. Accordingly, the Court hereby REVERSES the decision of the bankruptcy court.

1989). But future services that consist of nonlegal tasks should be disallowed.