**In re Raquel TORRES–RUIZ, United States Trustee, Appellant,**

**v.**

**Raquel TORRES–RUIZ, Appellee.**

**Civ. No. 89–1578 GG.**

United States District Court,
D. Puerto Rico.

Sept. 19, 1990.

Arturo González Martin, Hato Rey, P.R., for Raquel Torres.

Medrich Torres Ramos, Hato Rey, P.R., trustee.

## ORDER

GIERBOLINI, District Judge.

Pending before us is an appeal from the order of the Bankruptcy Court. The issue for our consideration is whether quarterly fees to the United States Trustee (Trustee) must always be assessed against Chapter 11 debtors, even when their cases are suspended and no disbursements have been made. Specifically, we are called upon to interpret 28 U.S.C. § 1930(a)(6) (Section 1930(a)(6)) which provides as follows:

> ... a quarterly fee *shall* be paid to the United States Trustee ... for deposit in the Treasury, in *each* case under chapter 11 of title 11 for *each* quarter (*including any fraction thereof*) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. *The fees shall be $150* for each quarter in which *disbursements total less than $150* ...

28 U.S.C. § 1930(a)(6) (emphasis supplied).

A discussion of the procedural history of this case is essential. On October 1, 1986 debtor, Raquel Torres–Ruiz, an attorney by profession, filed a voluntarily petition for relief under Chapter 11 of the Bankruptcy Code. Her largest debt was unpaid taxes.

By order dated April 13, 1988, the Bankruptcy Court suspended the proceedings. According to appellant, the case was suspended pending the outcome of an action in state court in which she may be granted a large inheritance. Appellant's brief at p. 3.

On December 5, 1988 the Trustee petitioned the Bankruptcy Court to either (i) dismiss this case, or (ii) mandate the payment of quarterly fees pursuant to Section 1930(a)(6). The Trustee's position was that quarterly fees continued accumulating in its favor the entire time a Chapter 11 case was open.

In an order dated February 13, 1989 the Bankruptcy Court denied both of the Trustee's requests. In addition, the court held that the quarterly fee obligation accrues only when there is a disbursement of funds. The court interpreted Section 1930(a)(6) in this manner:

> [i]n order for section 1930(a)(6) of Title 28 U.S.C. to be applicable there must be a disbursement of funds. *In re Smith & Son Septic & Sanitation Service*, 88 B.R. 375 (Bankr.D.Utah, 1988).

This order is now before us on appeal. Only the Trustee, the appellant, has filed a

brief on appeal. The Trustee notes that "this case, well over three years old, remains in chapter 11 with no plan of reorganization even being considered." Appellant's brief at p. 14.

We shall begin evaluating the order on appeal by evaluating its basis, which is the now remanded case of *In Re Smith & Son Septic & Sanitation Service*, 88 B.R. 375 (Bankr.D.Utah 1988), *rem'd* No. 88C–0651G (D.Utah March 24, 1989) (*Smith & Son*). We find it necessary to discuss this case because this appears to be the foundation of the February 13, 1989 order.

*Smith & Son* concerned a debtor who while in Chapter 11 had paid no quarterly fees. This debtor moved for voluntary dismissal of her bankruptcy case.[1] The Trustee sought an enforcement mechanism to ensure payment of its statutory fees, and thus objected to the debtor's motion to dismiss on the ground that the quarterly fees had not been paid.

The Bankruptcy Court in *Smith & Son* declined to sanction the contempt mechanism to enforce payment of quarterly fees, and held that claims for payment must be brought in the nature on an adversary proceeding. The court then held that the disbursement statute was "ambiguous" and held that their reading of the legislative history as seen is *House Report* No. 99–764 led them to hold that debtors who made no disbursements would not be required to pay the quarterly fees.

The Trustee appealed the *Smith & Son* bankruptcy court decision and the district court remanded the judgment before it. *Smith & Son*, No. 88C–0651G (D.Utah, March 24, 1989). In its remand order the district court noted that the House Judiciary Committee *Final Report*, H.R.Rep. No. 958, 99th Cong., 2d Sess. (1986) filed October 1, 1986 (emphasis added), deleted the language found in *House Report* No. 99–764, 99th Cong., 2d Sess., U.S.Code

Cong. & Admin.News 1986, p. 5227 (emphasis added) which provided that only debtors who have made disbursements would pay the quarterly fee. *Id.* at 2. Thus the district court in *Smith & Son* remanded the case in light of the plain language of the statute and a legislative history that was more extensively interpreted. *Id.*

While the case of *Smith & Son* remains on remand in the Bankruptcy Court, we are called upon to decide the identical issue. In our case, the question is whether the debtor's case may remain suspended in a Chapter 11 proceeding without accruing quarterly fees to the Trustee.

Appellant in its brief in our case argues that the plain meaning of the statute should be followed. Concerning the statute's legislative history, it makes two arguments. First, it argues that the legislative history favors its position. Second, it argues that—if a court finds the legislative history to be against its position, the court should still follow the plain meaning of the statute. In this way, if Congress disagreed with the court's application of a statute, it could later change the law to give effect to its intentions. *Board of Governors v. Dimension Financial Corp.*, 474 U.S. 361, 374, 106 S.Ct. 681, 689, 88 L.Ed.2d 691 (1986).

Because the plain meaning of the statute is not ambiguous in our minds, and because the legislative history relied by the Bankruptcy Court may have been too narrowly examined, we therefore follow the option taken by the District Court of Utah, and hereby remand this case for clarification of the bases of the February 13, 1990 order.

SO ORDERED.

---

1. The factual background of the *Smith & Son* case is as follows:

    At the hearing on dismissal, ... [t]he debtor argued that it had ceased doing business, had no cash flow, and did not have the ability to make the payments owing to the Trustee. The only remaining asset of the debtor is a

Ford truck with a "blown engine and no bed". The parties agree that no purpose would be served by conversion of this case to one under chapter 7.... The Trustee asserts that the fee owing is at least $450.00.

*Smith & Son*, 88 B.R. 375 at 377.