**In re OZARK BEVERAGE COMPANY, INC., Debtor.**

**Bankruptcy No. 88–10115–BSS.**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Sept. 27, 1989.

Leonora S. Long, Atty./Advisor, Office of the U.S. Trustee, St. Louis, Mo.

John E. Logan, Gen. Counsel, Executive Office for U.S. Trustees, Washington, D.C.

John T. Welch, Poplar Bluff, Mo., Atty. for debtor.

Paul H. Berens, Cape Girardeau, Mo., for Mercantile Bank of Poplar Bluff.

### MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

On March 14, 1988, Ozark Beverage Company, Inc. (hereinafter the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The United States Trustee has objected to the Debtor's reading of 28 U.S.C. § 1930(a)(6), which sets forth the quarterly fees due the United States Trustee. The Debtor claims that such fees should be based on the Debtor's post-petition disbursements for pre-petition debts.

### JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS

The relevant facts in this case are not in dispute. The Debtor, a beer distributor, became subject to the United States Trustee's quarterly fee on November 20, 1988. As required by the Code, Debtor filed a Disclosure Statement and a First Amended Disclosure Statement (hereinafter "Disclosure Statement"), which represented that its disbursements during a calendar quarter were as follows: $4,700.00 to Mortgagee, $10,000.00 for salaries, and $48,000.00 for inventory purchases. The United States Trustee, in one of several objections, claimed that the Debtor failed to include in its Disclosure Statement all disbursements upon which the quarterly fee is based.

The Debtor now claims that the word "disbursements", as used in 28 U.S.C. § 1930(a)(6), is limited to post-petition payments made to pre-petition debtors. The United States Trustee objects to this statutory interpretation, claiming that "disbursements" encompass all expenses paid by the debtor-in-possession. This Court agrees with the United States Trustee.

## DISCUSSION

Section 1930(a)(6) of title 28, United States Code provides that:

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

Thus, the statute provides a graduated, "sliding scale" for determining the amount that the debtor owes the United States Trustee. Unfortunately, Congress, in drafting the statute, failed to define the word "disbursement". Thus, the sole issue in this case is what, for purposes of 28 U.S.C. § 1930(a)(6), constitutes a disbursement of the Debtor.

The Debtor argues that under § 1930(a)(6) a "disbursement" means any payment to a pre-petition secured creditor, i.e. a payment benefiting the estate. Thus, the definition should not include payments made for employee wages, taxes, inventory, or other purely operational expenses. Arguing that the United States Trustee's definition unfairly discriminates against retailers, the Debtor contends that an insolvent debtor's overall disbursements provide a poor device for measuring the amount of fees owed the United States Trustee. As a more equitable alternative, the Debtor proposes that the Court interpret "disbursements" to mean payments to Debtor's pre-petition creditors.

The United States Trustee argues that the plain meaning of the statute compels the court to find that the word "disbursements" means all expenses paid by the Debtor, whether to creditors or not. The United States Trustee states that the Debtor's interpretation is without legal basis and contrary to the plain language of the statute. Consequently, the United States Trustee asks the Court award fees based on all of the Debtor-in-Possession's operational expenses for that respective quarter.

Given that Congress enacted 28 U.S.C. § 1930(a) in 1986, little case law exists which interprets that Section. Rarer still is any case which would aid in providing a definition of "disbursements". In fact, the closest that any court has come to addressing that issue was in *In re Smith and Son Septic and Sanitation Service*, 88 B.R. 375 (Bankr.D.Utah 1988). There the court, in a footnote, anticipated future difficulty with the word "disbursement", but gave no further explanation or discussion. 88 B.R. 375, 382 n. 8. Thus, this Court is provided

with no legal precedent for determining a definition of "disbursement".

Without the benefit of established case law, the Court next looks for guidance from the Statute's legislative history. Unfortunately, Congress provided absolutely no discussions regarding the definition of "disbursements". Other than enumerating the possible amounts due the United States Trustee, nothing else was said regarding methods of fee calculations. Thus, the Court is compelled to examine the plain meaning of the statute in order to achieve Congressional intent.

Section 1930(a)(6) assesses quarterly fees due the United States Trustee based on the amount of disbursements made by the debtor in a given quarter. While the Debtor argues that the word "disbursements" means only payments made to pre-petition creditors, neither the statute nor its legislative history gives even a hint that this was Congress' intended definition. Further, the Debtor has given the Court no indication as to the source of this new interpretation. In essence, the Debtor has simply proposed a novel definition of the term which would engender a less harsh result in this case. If Congress had intended such a meaning, surely it would have stated so more clearly.

Whether the Debtor's proposed definitions of "disbursements" is more equitable than the plain meaning of the statute is of little import in this case. This Court, like all others, is a vehicle for statutory interpretation rather than enactment. As the United States Supreme Court stated: "There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010, 2015, 56 L.Ed.2d 581 (1978). To accept and ratify the Debtor's proposed definition of "disbursements" would be to violate this principle. Thus, the Court holds that "disbursements", within the purview of 28 U.S.C. § 1930(a)(6), means all expenses of a debtor-in-possession in a given quarter. Accordingly, it is

ORDERED that the fees owed the United States Trustee by the Debtor be calculated according to 28 U.S.C. § 1930(a)(6), based on all Debtors' expenses for the given quarter or fraction thereof, and the United States Trustee's objection is SUSTAINED.