**In re WERNERSTRUCK, INC., Debtor.**

**UNITED STATES
TRUSTEE, Appellant,**

v.

**WERNERSTRUCK, INC., Appellee.**

**Civ. No. 91–4054.**

United States District Court,
D. South Dakota, S.D.

Aug. 9, 1991.

Bruce J. Gering, Sioux Falls, S.D., for appellant.

J. Bruce Blake, Sioux Falls, S.D., for appellee.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Chief Judge.

### Introduction

The United States Trustee ("UST") appeals the bankruptcy court's Letter Decision of January 24, 1991, holding that a $336,977.99 payment by Wernerstruck, Inc. ("Debtor") to the First Western Bank of Wall, SD ("Bank") is not a "disbursement" within the meaning of 28 U.S.C. § 1930(a)(6).

### Jurisdiction

This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

### Standard of Review

This Court shall review the decisions of law of the bankruptcy court *de novo* (*Matter of Newcomb*, 744 F.2d 621, 625 (8th Cir.1984)), and findings of fact shall be upheld unless clearly erroneous (Bankruptcy Rule 8013).

### BACKGROUND

In January of 1989 the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

On February 16, 1989, the Debtor and the Bank filed a Settlement Agreement. The Settlement Agreement provided that the Bank would make a post-petition extension of credit to the Debtor in an amount which, when added to the pre-existing debt, would equal a total debt of $1,650,000.00. This agreement also set up an eight year repayment schedule and provided for varying rates of interest. The agreement also provided that the Debtor could make prepayments at any time, and that these prepayments would be credited first to accrued interest and then to principal. Regardless of prepayments, the annual installments would remain the same and the balloon payment would be recalculated.

On March 21, 1990, the Bank, through one of its officers, signed a First Modification to Settlement Agreement which modified the Settlement Agreement.

On March 22, 1990, the Debtor paid $336,977.99 to the Bank as a payment on the outstanding loan balance, ostensibly in accordance with this first modification.

On March 28, 1990, the Debtor signed the First Modification to Settlement Agreement, it was filed on April 19, and approved on April 25, 1990. The First Modification to Settlement Agreement continued in effect the 23 paragraphs of the Settlement Agreement, and also added a new paragraph, ¶ 25, *"Future Operating Funds"*. Paragraph 25 provided, in pertinent part, that

In consideration of Wernerstruck, Inc., making additional principal reduction payments to First Western Bank of Wall, SD, over and above and in excess of those annual payments agreed to and required under paragraph 6 of the Settlement Agreement, First Western Bank of Wall, SD agrees to advance back to Wer-

nerstruck, Inc., operating funds, if requested by it, not to exceed a maximum outstanding debt to First Western Bank of Wall, SD, by Wernerstruck, Inc., of:

. . . .

The UST assessed a fee on the $336,-977.99 payment under 28 U.S.C. § 1930(a)(6), which provides

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be ... $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000[.]

28 U.S.C. § 1930(a)(6).

The bankruptcy court held

that 28 U.S.C. § 1930(a)(6)'s disbursements include all money absolutely and unconditionally transferred by a debtor for any expense until a plan is confirmed or the case is converted or dismissed, whichever occurs first. Any less than complete transfer of money is not a bona fide disbursement for UST fee purposes.

*In re Wernerstruck, Inc.*, 122 B.R. 1017, 1021 (Bankr.D.S.D.1991). The bankruptcy court then ruled that the $336,977.99 payment was not a disbursement because it was subject to the contractual right to receive operating expenses.

The UST appeals the bankruptcy court's decision.

## I.

The issue before this Court is the meaning of "disbursements" under § 1930(a)(6). Very few courts have ever discussed the scope of 28 U.S.C. § 1930(a)(6).[1] The statute does not define the term "disbursements," and Congress "provided absolutely no discussions regarding the definition of 'disbursements'." *In re Ozark Beverage Co., Inc.*, 105 B.R. 510, 512 (Bankr.E.D.Mo.

1989). Indeed, there has not even been a consensus as to when the statute is in effect. *See In re Smith & Son Septic & Sanitation Service*, 88 B.R. 375 (Bankr. D.Utah 1988), rem'd No. 88C–0651G (D.Utah March 24, 1989) (No quarterly fee due unless a disbursement is made.). *But see In re Torres–Ruiz*, 123 B.R. 696 (D.P.R.1990) (Quarterly fee due even if no disbursement was made.).

A few courts have attempted to define "disbursements," or determine that certain payments *do* or *do not* fall within the meaning of "disbursements."

The court in *In re Ozark Beverage Co., Inc.*, held that "disbursements" meant all expenses in a given quarter. *In re Ozark Beverage Co., Inc.*, 105 B.R. at 512. The court in *In re Hays Builders, Inc.*, held that any payment not made by the debtor was a constructive disbursement, and not subject to § 1930(a)(6). *In re Hays Builders, Inc.*, 96 B.R. 142, 144 (Bankr. W.D.Tenn.1989).

The bankruptcy court professed to apply the ordinary, common meaning of the term "disbursement." From Black's Law Dictionary, the bankruptcy court gleaned that disbursement meant, "payment, to put out, or expend." *In re Wernerstruck, Inc.*, 122 B.R. at 1020. Next, the bankruptcy court compared 28 U.S.C. § 1930(a)(6) to the Internal Revenue Code, and thereby determined that only a complete irrevocable transfer would constitute a "disbursement." The bankruptcy court stated that

It is axiomatic that a disbursement, or funds transfer, must be available for the creditor to freely use in order for the creditor to fully receive the benefit or use of the money. Full enjoyment or benefit resulting from a transfer is a concept commonly utilized in determining gift or estate taxes.

*In re Wernerstruck, Inc.*, 122 B.R. at 1020. Through this analysis, the bankruptcy court concluded that

---

**1.** WESTLAW only lists two circuit court opinions that have ever dealt with 28 U.S.C. § 1930(a)(6). Both of those cases were Eighth Circuit cases, and both of those cases originated in Judge Ecker's court and were appealed through this Court. Neither has any applicability to the issues before this Court in the instant matter.

28 U.S.C. § 1930(a)(6)'s disbursements include all money absolutely and unconditionally transferred by a debtor for any expense until a plan is confirmed or the case is converted or dismissed, whichever occurs first. Any less than complete transfer of money is not a bona fide disbursement for UST fee purposes.

*In re Wernerstruck, Inc.*, 122 B.R. at 1021.

The UST agrees with the bankruptcy court's definition, but argues that the bankruptcy court erred in its application of that law to the facts in the instant case.

The bankruptcy court found that the $336,977.99 payment was not absolutely and unconditionally transferred because the Debtor had the right to demand an advance up to the original debt ceiling.[2] The bankruptcy court viewed prepayments by the Debtor as deposits in a separate fund from which the Debtor could draw as it saw fit.

The UST argues that the Debtor could not "withdraw" its prepayments, but, rather, it could borrow additional money from the Bank. The UST argues that all payments were irrevocable, and that any money the Debtor borrowed after the payment was not a withdrawal of a deposit, but a new loan.

It is this Court's opinion that the First Modification of Settlement Agreement created a revolving line of credit. The more of the outstanding balance the Debtor pays off, the less interest will run and the more credit will be available for future borrowing. The prepayments are not "subject to withdrawal," but rather the prepayments set the amount of credit that the Debtor has available. The bankruptcy court's formula would conclude that total disbursements are not the sum of the payments within a quarter on the line of credit, but, rather, the difference between the ending balance of the previous quarter and the ending balance of the current quarter.

When the debtor makes payments to the Bank, they are disbursements within the meaning of § 1930(a)(6) whether they are the required annual payment or a prepayment on the loan.

II.

The rule of *In re Ozark Beverage Co., Inc.*, was that a disbursement is any payment. Black's Law Dictionary says that a disbursement is a payment. Without more guidance from either Congress or the appellate courts, this Court cannot fashion a better rule. The Debtor made payments to the bank. That fact is not changed by the fact that the Debtor, like any borrower with a revolving line of credit, could borrow more money as a result of the payment.

Therefore,

Upon the record herein,

IT IS ORDERED:

1) The bankruptcy court's Letter Decision of January 24, 1991 is hereby reversed, and this adversary is remanded to the bankruptcy court for entry of appropriate orders consistent with this opinion.

---

**2.** Actually, the First Modification of Settlement Agreement provided for a sliding cap on the amount that could be outstanding at any given time.