**In re HAYS BUILDERS, INC., Debtor.**

**OFFICE OF THE UNITED STATES TRUSTEE, Appellant,**

v.

**HAYS BUILDERS, INC., Appellee.**

**Nos. 89–2362, 89–2405 Ml.**

United States District Court, W.D. Tennessee, W.D.

April 30, 1992.

E. Franklin Childress, Jr., U.S. Trustee.

Julie C. Chinn, Assist. U.S. Trustee.

Madalyn C. Scott, John E. Logan, Gen. Counsel and Martha L. Davis, Memphis, Tenn., for appellant.

Preston Wilson, Memphis, Tenn., for appellee.

### ORDER REVERSING DECISION OF THE BANKRUPTCY COURT

McCALLA, District Judge.

This cause is before the Court on the appeal of the bankruptcy court's February 23, 1989 decision 96 B.R. 142 disallowing the United States trustee's collection of fees pursuant to 11 U.S.C. § 1129(a)(12). By *Memorandum of Opinion and Order* dated December 29, 1988, 95 B.R. 79, as amended by *Supplemental Order* dated February 23,[1] the bankruptcy court ruled

---

**1.** The bankruptcy court overruled the United States Trustee's objection to confirmation of the Debtor's plan of reorganization and confirmed the Debtor's plan on January 26, 1989. The

February 9, 1989 appeal of the *Order of Confirmation* and the March 6, 1989 appeal of the *Supplemental Order* presented the same issue to

that money constructively disbursed by parties other than the debtor cannot be included in calculating the amount of the quarterly fee due under 28 U.S.C. § 1930(a)(6).

At issue in this appeal is the construction of "disbursements" under 28 U.S.C. § 1930(a)(6), which states as follows:

(6) In addition to the filing fee paid to the clerk, a quarterly fee *shall be paid* to the United States trustee, for deposit in the Treasury, *in each case* under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $250.00 for each quarter in which *disbursements* total less than $15,000.00; $500.00 for each quarter in which *disbursements* total $15,000.00 or more but less than $150,000.00; $1,250.00 for each quarter in which *disbursements* total $150,000.00 or more but less than $300,000.00; $3,750.00 for each quarter in which *disbursements* total $300,000.00 or more but less than $3,000,000.00; $5,000.00 for each quarter in which *disbursements* total $3,000,-000.00 or more. The fee *shall be payable* on the last day of the calendar month following the calendar quarter for which the fee is owed.[2] (Emphasis added).

28 U.S.C. § 1930(a)(6).

Although the statutory language of § 1930 does not set forth any limitation to "disbursements," the bankruptcy court found that disbursements by a third party in connection with the sale of assets of the estate did not constitute "disbursements" under § 1930. The bankruptcy court analogized "disbursements" under § 1930 to

"disbursements" used in calculating Chapter 7 trustee's fees pursuant to 11 U.S.C. § 326.[3] A number of cases have addressed the term "disbursement" in the Chapter 7 bankruptcy proceeding. For example, in *In re New England Fish Company*, the Bankruptcy Court for the Middle District of Washington held that "trustee's compensation must be based on actual monies disbursed to parties in interest, and not on assets and settlements which can be construed as a constructive disbursement." *In re New England Fish Company*, 34 B.R. 899, 902 (Bankr.M.D.Wash.1983).

In the instant case, the bankruptcy court failed to address the different purposes and duties of a Chapter 7 trustee and the United States trustee. The Chapter 7 trustee personally directs whether money will actually come into, or go out of, the estate account. The more direction provided by the trustee, the higher compensation for services. Section 326 governs the maximum compensation a trustee is eligible to receive in a Chapter 7 proceeding.

The United States trustee, however, neither represents nor controls any part of the estate, but monitors the administration and overall progress of the case. 28 U.S.C. § 581. The United States trustee cannot increase his compensation by increasing the amount of disbursements that either come into, or go out of, the estate and, consequently, has no way to enhance the quarterly fee assessment in Chapter 11 cases. The United States trustee receives a specific fee each quarter in every case pending under Chapter 11. This fee is fixed by statute and varies according to the amount of money disbursed in a case. As opposed to § 326, this fee is not subject to the

the Court and were consolidated into this single appeal.

**2.** This language reflects the fee increases provided in the 1991 Amendments. In 1989, the fees were "$150, $300, $750, $2,250 and $3,000," respectively.

**3.** Section 326(a) provides as follows:
"In a case under chapter 7 or 11, the *court may allow reasonable compensation* under section 330 of this title of the trustee for the

trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon *all moneys disbursed* or turned over in the case *by the trustee* to parties in interest, excluding the debtor, but including holders of secured claims." (Emphasis added). 11 U.S.C. § 326(a).

court's discretion in determining what is "reasonable."[4]

The appellant contends that the bankruptcy court improperly interpreted § 1930(a)(6) in finding that money disbursed by parties other than the debtor, even an agent of the debtor, cannot be included in calculating the fees payable to the United States trustee. As a practical matter, this would mean that the debtor must physically draw the disbursement check in order for the disbursements to be subject to the quarterly fee, thereby, creating an opportunity to avoid paying the fees by setting up third party disbursing arrangements. The appellants argue that § 1930 of the United States Code uses only two words—"cases" [pending under Chapter 11] and "disbursements"—to describe situations in which the quarterly fee applies. Thus, appellants argue, if "disbursements" have been made within the context of a Chapter 11 "case," the plain words of § 1930(a)(6) require a quarterly fee to be paid based on those disbursements, regardless of who actually made them.

There is limited case law and no legislative history concerning the definition of "disbursements" under § 1930(a)(6). The court, in *In re Ozark Beverage Co., Inc.*, 105 B.R. 510, 512 (Bankr.E.D.Mo.1989), held that "Congress provided absolutely no discussions regarding the definition of 'disbursements.' Other than enumerating the possible amounts due the United States trustee, nothing else was said regarding methods of fee calculations. Thus, the court is compelled to examine the plain meaning of the statute in order to achieve Congressional intent."

The Supreme Court, in *Perrin v. U.S.*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979), held that "a fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." The ordinary and common meaning of "disbursement"

means "to pay out, commonly from a fund. To make payment in settlement of a debt or account payable." *Black's Law Dictionary* (6th ed. 1990). The court in *In re Wernerstruck, Inc.*, 130 B.R. 86 (D.S.D. 1991) held that:

> The rule of *In re Ozark Beverage Co., Inc.*, was that a disbursement is any payment. *Black's Law Dictionary* says that a disbursement is a payment. Without more guidance from either Congress or the appellate courts, this court cannot fashion a better rule.

The ordinary, plain meaning of the statutory language requires that all disbursements, whether direct or through a third party, be included in the calculation of fees due the trustee under § 1930(a)(6).

Accordingly, the decision of the bankruptcy court is REVERSED.

SO ORDERED.

---

**4.** While § 326 allows the court to exercise discretion as to reasonableness, § 1930(a)(6) neither contains the word "reasonable" nor commits any discretion to the bankruptcy court to determine the quarterly fee. Another signifi-

cant distinction between §§ 326 and 1930 is that § 326 explicitly provides that a fee is based upon all monies disbursed or turned over *by the trustee.* Section 1930(a)(6) is not limited by that language.