**In re Donald Keith MEYER, Debtor.**

**Bankruptcy No. 94–42489.**

United States Bankruptcy Court,
W.D. Missouri.

Sept. 29, 1995.

H. Kent Desselle, Desselle Law Office, P.C., Independence, MO, for Debtor.

Jerry L. Phillips, Office of the U.S. Trustee, Kansas City, MO, for U.S. Trustee.

*ORDER DENYING IN PART AND SUSTAINING IN PART DEBTOR'S OBJECTION TO THE PROOF OF CLAIM OF THE UNITED STATES TRUSTEE*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor filed a Chapter 11 bankruptcy petition on September 14, 1994. The case was subsequently converted to Chapter 7 on July 14, 1995. The United States Trustee (the "UST") filed its proof of claim for $4,250.00 on July 17, 1995.[1] Debtor has not formally objected to said proof of claim, however, debtor advised the Court at a hearing on September 1, 1995, that he objected to the assessment of $3,750.00 for the first quarter of 1995. Debtor objects to the UST's fees on three separate grounds. First, he claims that the UST erred when he calculated fees on disbursements made of funds that did not belong to debtor or the bankruptcy estate. Second, he argues that fees should not be calculated on disbursements made by an entity other than the debtor. Lastly, he argues that the Court has discretion to order the payment of *just costs* to the UST. I will address each argument in turn.

With passage of the Bankruptcy Judges, United States Trustee, and Family Farmer Act of 1986, Public Law 99–554, Congress increased filing fees in order to make the United States Trustee Program self-funding. H.R.Rep. No. 764, 99th Cong.2d Sess. 26 (1986) U.S.Code Cong. & Admin.News 1986, p. 5227. In furtherance of that goal, Congress also established a quarterly fee to be paid by Chapter 11 debtors to the UST. 28 U.S.C. § 1930(a)(6). Section 1930 provides:

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is con-

---

1. The proof of claim includes quarterly fees of $3,500.00 assessed on disbursements of $304,230.30 for the first quarter of 1995; quarterly fees of $500.00 assessed on disbursements of $25,039.50 for the second quarter of 1995; and quarterly fees of $250.00 assessed as a minimum for the third quarter of 1995. Debtor paid minimum quarterly fees of $250.00 for the first quarter of 1995. Debtor has not filed operating reports for June and July, however, the UST claims any additional disbursements for those two months will not change the amount of fees assessed.

firmed or the case is converted or dismissed, whichever occurs first. The fee shall be $250 for each quarter in which disbursements total less than $15,000; $500 for each quarter in which disbursements total $15,000 or more but less than $150,000; $1,250 for each quarter in which disbursements total $150,000 or more but less that $300,000; $3,750 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $5,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

28 U.S.C. § 1930(a)(6). The quarterly fees at issue here were calculated after this Court approved the sale of two parcels of real estate (the "Real Estate") on February 23, 1995, for a total sales price of $321,900. Doc. # 89. Debtor held the Real Estate jointly with his estranged wife who has not filed for bankruptcy protection. The trustee represents that debtor received funds sufficient to pay the secured creditors $288,446.84 in the first quarter of 1995 following the sale of the Real Estate. Debtor's schedules indicate that debtor made additional disbursements during the first quarter of 1995 totalling $15,783.36. The UST assessed quarterly fees of $3,750.00 for the first quarter of 1995 claiming debtor had disbursements of more than $300,000.00 but less than $3,000,000.00. 28 U.S.C. § 1930(a)(6). Debtor claims this assessment is in error because debtor owned only a one-half interest in the Real Estate.

 The briefs of both parties and debtor's schedules indicate that the Real Estate was owned jointly. In Missouri any conveyance to a husband and wife creates a rebuttable presumption that the husband and wife hold such property as tenants by the entirety. *Mann v. Shepard (In re Gervich),* 570 F.2d 247, 251 (8th Cir.1978) (citations omitted). Thus, I presume that debtor and his wife owned the Real Estate as tenants by the entirety. Further, in Missouri, a husband and wife can hold personal property as tenants by the entirety as well. *Gervich* at 251. *See also Garner v. Strauss (In re Garner),* 952 F.2d 232 (8th Cir.1991). It, therefore, follows that after liquidation the proceeds of

the sale of the Real Estate are, likewise, held in tenancy by the entirety. However, before I can reach the issue of whether the UST is entitled to quarterly fees on disbursements of said proceeds, I must determine if the Real Estate held as tenants by the entirety is an asset of the bankruptcy estate when only one spouse files for bankruptcy.

 The Bankruptcy Code (the "Code") provides that the bankruptcy estate is composed of all legal and equitable interests of the debtor in property at the time of the petition. 11 U.S.C. § 541(a)(1). The Eighth Circuit has decided that the bankruptcy estate encompasses property in which the debtor has an interest even if such property is held as tenants by the entirety, and debtor's spouse has not filed for bankruptcy relief. *Garner,* 952 F.2d at 234. The Court in *Garner* first determined that, under Missouri law, a creditor can only reach entireties property if both spouses acted to burden the property. *Id.* at 235. The bankruptcy schedules indicate that debtor and Barbara Meyer, his estranged wife, are co-debtors on the Real Estate. Next, the Court in *Garner* determined that the property at issue, 200 shares of Document Service stock and 6500 shares of B & G Sand and Gravel stock, was not exempt pursuant to Missouri Law. *Garner* at 235 (citing 11 U.S.C. § 522(b)(2)(B) and Mo.Stat.Ann. § 513.427 (Supp.1995)). Debtor's schedules do not claim an exemption in the Real Estate. The Eighth Circuit holds that entireties property which is property of the estate, and not exempt under the Missouri law, is subject to section 363(h)(1) of the Code. *Id.* at 235–36. Section 363(h)(1) provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estates's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as ... tenant by the entirety, only if—
>
> > (1) partition in kind of such property among the estate and such co-owners is impracticable.

11 U.S.C. § 363(h)(1). No party in interest raised any objection to the sale of the Real

Estate on the grounds that the Real Estate should be partitioned and one-half of the acreage set aside to Barbara Meyer. I, therefore, find that the Real Estate was sold pursuant to section 363(h)(1). In *Garner* the shares of stock had been liquidated prior to the Court's opinion. The Court, therefore, held that the Code required that one-half of the proceeds from the sale of assets held as tenants by the entirety must be returned to the non-filing spouse. *Id.* at 236. The *Garner* Court does not specifically address the issue of whether the proceeds distributed to the non-filing spouse are excluded from the bankruptcy estate. However, section 363(j) provides that:

> (j) after a sale of property ... the trustee shall distribute to the debtor's spouse ... and to the estate, the proceeds of such sale ... according to the interests of such spouse ... and of the estate.

11 U.S.C. § 363(j). A plain reading of section 363(j) leads me to conclude that only one-half of the proceeds of the sale of the Real Estate became property of the bankruptcy estate. Likewise, a "plain language reading [of 28 U.S.C. § 1930(a)(6) ] shows Congress intended 'disbursements' to include *all* payments from the bankruptcy estate." *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1534 (9th Cir.1994), *amended by* 46 F.3d 969 (9th Cir.1995) (amendment no relevant to this issue). Since only one-half of the proceeds became property of the estate, it stands to reason that only one-half of the disbursements to secured creditors in satisfaction of their liens came from the bankruptcy estate. Therefore, I find that $144,223.42 of the $288,446.84 distributed to secured creditors was a distribution subject to quarterly fees.

■ Debtor next argues that the distribution to secured creditors was made by an escrow agent, not by the debtor or the trustee, therefore, none of the funds are subject to quarterly fees. The cases that have addressed this issue all hold that disbursements subject to quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) are unrelated to who makes the disbursement or to whom the disbursement is made. *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1534 (9th Cir.1994); *United States Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779–80 (W.D.Tenn.1992); *United States Trustee v. Wernerstruck, Inc. (In re Wernerstruck)*, 130 B.R. 86, 89 (D.S.D. 1991); *In re Ozark Beverage Co., Inc.*, 105 B.R. 510, 511 (Bankr.E.D.Mo.1989). I, therefore, find that the $144,223.42 disbursed by the escrow agent as the proceeds in which debtor had an interest are subject to quarterly fees.

■ Lastly, debtor argues that this Court has discretion to determine whether the estate must pay the quarterly fees and whether the fees are a "just cost" to the trustee. Debtor relies on section 1930(d) which provides:

> (d) Whenever any case or proceeding is dismissed in any bankruptcy court for want of jurisdiction, such court may order the payment of just costs.

28 U.S.C. § 1930(d). Debtor's reliance on this section is misplaced, because the case has not been dismissed, and no issue of jurisdiction has been raised. Debtor also relies on two cases which hold that the bankruptcy court cannot refuse to dismiss a Chapter 11 case solely for the failure to pay quarterly fees. *In re Smith and Son Septic and Sanitation Serv.*, 88 B.R. 375, 380 (Bankr.D.Utah 1988); *In re Motorworks, Inc.*, 85 B.R. 661, 661–62 (Bankr.S.D.Ga.1988). The *Smith and Son* court reasoned that refusing to dismiss Chapter 11 cases for failure to pay quarterly fees would "create an administrative burden to the court system and ... work substantial hardship upon creditors." *Smith and Son*, 88 B.R. at 380. However, the issue in this case is whether the quarterly fees are allowable, not whether the case should be dismissed for failure to pay the quarterly fees. The court in *Smith and Son* also noted that there is no provision in the Code or in 28 U.S.C. § 1930 to modify the UST's fee. *Id.* at 382 n. 8. I, therefore, find that this Court has no discretion to modify or disallow the UST's quarterly fees in a bankruptcy case as long as this Court has jurisdiction over the case.

For all of the above reasons, debtor's objection to the UST's proof of claim is SUSTAINED in part and DENIED in part. The

UST's proof of claim is allowed as follows: (1) quarterly fees of $1,250.00 assessed on disbursements of $160,006.78[2] for the first quarter of 1995, minus $250.00 which debtor has paid; (2) quarterly fees of $500.00 assessed on disbursements of $25,039.50 for the second quarter of 1995; (3) and quarterly fees of $250.00 assessed as a minimum for the third quarter of 1995. Thus, the UST's proof of claim is allowed in the amount of $1,750.00.

IT IS SO ORDERED.

**2.** This disbursement is calculated by adding $144,223.42, disbursed to secured creditors as debtor's interest in the sales proceeds of the Real Estate, and additional disbursements of $15,-783.36 as reflected on debtor's monthly operating reports.