**In re BETWELL OIL AND GAS COMPANY, Debtor.**

**Bankruptcy No. 93–14734–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 13, 1996.

Martin L. Sandler, Miami, Florida, for Debtor.

Amber Donner, Office of the Assistant U.S. Trustee, Miami, Florida.

## MEMORANDUM OPINION AND ORDER GRANTING, IN PART, MOTION TO DETERMINE AMOUNT OF U.S. TRUSTEE'S FEES

ROBERT A. MARK, Bankruptcy Judge.

Betwell Oil and Gas Company ("Betwell" or "Debtor"), the debtor in this Chapter 11 case, filed a Motion to Determine Amount of Trustee's Fees (the "Motion"). The Motion seeks an order determining that certain payments made by the Debtor in the operation of its oil and gas business were not "disbursements" within the meaning of 28 U.S.C. § 1930(a)(6), and therefore were not subject to the statutory United States Trustee ("U.S. Trustee") fee provided for in that section.

The Court conducted an evidentiary hearing on the Motion in conjunction with the confirmation hearing held on January 25, 1996. For the reasons that follow, the Court concludes that the payment of gas revenues held in trust by Betwell do not constitute "disbursements". However, payments by Betwell for costs associated with the physical operation of oil and gas wells were "disbursements" even though 100% of these costs were passed through to the owners of the equitable interest in these wells.

### JURISDICTION

■ Whenever the rights and obligations of the U.S. Trustee are at issue, jurisdiction of the bankruptcy court is limited. The Court agrees with those prior courts which have resolved disputes between debtors and the U.S. Trustee and finds that the Court does have jurisdiction to interpret the meaning of "disbursements" in § 1930. However, once the Court determines whether certain payments are "disbursements", the Court has no jurisdiction to reduce or otherwise alter the Debtor's obligations to pay the U.S. Trustee fees owed under § 1930.

### FACTUAL BACKGROUND

Betwell is engaged in the business of operating oil and gas properties. This Chapter 11 case was filed on November 29, 1993, primarily as a result of a large judgment entered against Betwell in a state court lawsuit in Andrews County, Texas. After continuing protracted litigation both in the Texas state courts and in this Court, Betwell and the individual owners of Betwell, Lowell S. Dunn, Sr., and Betty L. Dunn, settled the Texas litigation which in turn facilitated the filing and confirmation of a plan of reorganization. The Debtor's plan was confirmed by order entered on January 29, 1996.

The payments at issue in the Motion fall into two categories. First, the Debtor maintains a Gas Distribution Account in which it receives the proceeds of gas sales. The Debtor holds bare legal title to the funds, and is obligated to pay the proceeds to the beneficial owners of working interests in these gas wells ("working interest owners"). The fees received by Betwell for operating the gas wells are paid directly by the working interest owners. They are not deducted from the proceeds received into and paid from the Gas Distribution Account. All of the revenues received by the Debtor from gas proceeds and deposited in the Gas Distribution Account are paid out to the working interest owners.

Early in this case, on April 6, 1994, the Court entered its Order on Motion for Authority to Distribute Funds from Gas Distribution Account. In that order, the Court held that these funds were held by the Debtor as bailee holding legal title to the property but owning no beneficial interest in the funds. The Court granted the Debtor relief to carry out its obligation to distribute these proceeds to their beneficial owners. Although not expressly stating so, the April 6,

1994 Order determined that the beneficial ownership of the funds in the Gas Distribution Account were not property of Betwell's estate pursuant to § 541(d) of the Bankruptcy Code.

The second category of payments at issue are payments made by the Debtor from its general operating account for expenses associated with the operation of the oil and gas wells. The evidence reflects that the Debtor was billed for certain costs, for example, utility bills, which it then passed through to the working interest owners without mark-up or commission through "joint interest billings." Under applicable state law, vendors who provided services to the oil and gas wells had the right to lien the property interests of the working interest owners, but the Debtor was billed for these expenses and was legally obligated to pay them.

According to the testimony of Betwell's president, Lowell Dunn, II, the costs which were passed through to the working interest owners were the exact amount of the costs billed to Betwell, so Betwell generated no income or fees in connection with the payment of these expenses. As such, Betwell argues that it would be inequitable and unfair to pay a U.S. Trustee fee based on these payments.

During the course of this Chapter 11 case, the Debtor excluded the payments from the Gas Distribution Account and the pass-through cost payments in calculating and paying its quarterly U.S. Trustee fee. Until shortly before confirmation, the U.S. Trustee's office voiced no objection to the Debtor's calculations. If these disputed payment categories are included as disbursements, the Debtor will owe an additional $23,250 in fees.

## DISCUSSION

The sole questions presented are whether the payments made from the Gas Distribution Account and whether the pass through cost payments made through the general operating account were "disbursements" under 28 U.S.C. § 1930(a)(6). That section places a mandatory obligation on Chapter 11 debtors to pay "in each case" under Chapter 11 fees based upon the "disbursements" made each quarter.[1]

Neither the legislative history nor the statute itself define "disbursements", but some guidance is provided in the decisional law. In *In re Ozark Beverage Co., Inc.*, 105 B.R. 510 (Bankr.E.D.Mo.1989), the debtor argued that the word "disbursements" means only payments made to prepetition creditors. *Id.* at 511. The bankruptcy court rejected the argument and concluded that "disbursements" means all expenses of a debtor-in-possession in a given quarter. *Id.* at 512.

In *Saint Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir.1994), *modified in part*, 46 F.3d 969 (no modification to analysis of "disbursements"), the debtor sought to exclude from "disbursements" the sales proceeds paid to a secured creditor. Reversing the district court which adopted the debtor's position, the Ninth Circuit held that "Congress clearly intended 'disbursements' to include *all* payments from the bankruptcy estate." 38 F.3d at 1534 (emphasis in original).

The *Victoria Farms* decision implies, but does not hold, that monies paid by a debtor from funds which are not property of the estate are excluded from the definition of "disbursement." This distinction was expressly made by Bankruptcy Judge Federman in *In re Meyer*, 187 B.R. 650 (Bankr. W.D.Mo.1995). In *Meyer*, the bankruptcy court authorized the sale of certain real prop-

---

1. Section 1930(a)(6) of title 28, United States Code provides that:

   (6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300

for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

erty which was held by the husband and wife as tenants by the entirety. *Id.* at 652. The U.S. Trustee argued that all of the sale proceeds should be treated as disbursements in calculating his fee. *Id.* The bankruptcy court disagreed finding that only ½ of the proceeds should be deemed disbursements by the estate for purposes of calculating the fee, since only ½ of the proceeds became property of the estate. *Id.* at 650.

In its April 6, 1994 Order, this Court determined that the beneficial interests in the gas revenues passing through the Gas Distribution Account were not property of the estate. The Court adopts the reasoning in *Meyer* and finds that the payments made from the Gas Distribution Account were, therefore, not "disbursements."

■ By contrast, the Court finds that the operating costs paid by Betwell and passed through to the interest owners were "disbursements." These monies were paid from the Debtor's general account. Reimbursements from the interest owners were not segregated or otherwise held in trust to pay these costs. More importantly, the nature of the transactions require the Court to treat these payments as disbursements. Betwell is billed by the vendors and is legally obligated to pay these expenses, whether or not it recovers the costs from the interest owners. The fact that Betwell did not profit from the pass-through recovery of these costs to the interest owners does not change the fact that these payments were made from funds of the estate and were therefore "disbursements" under 28 U.S.C. § 1930(a)(6).

### *IS IT FAIR? SORRY, CAN'T HELP YOU*

■ The Debtor argues that it is grossly inequitable to pay a fee on these cost pass-throughs since it did not earn any income from these disbursements. The Debtor also questions the fairness of having to pay over $23,000 in additional U.S. Trustee fees at confirmation when its quarterly payments were not challenged in the more than two years that this case was pending. The Court may sympathize with the Debtor and find logic in its position. Unfortunately, the language in the statute is mandatory and does

not provide the Court with discretion to disallow or modify the Debtor's payment obligations under § 1930. *In re Meyer,* 187 B.R. at 653; *In re Hays Builders, Inc.,* 144 B.R. 778, 779–780 (W.D.Tenn.1992) (contrasting the mandatory payment provisions in 28 U.S.C. § 1930(a)(6) with § 326(a) of the Bankruptcy Code in which the court determines the reasonableness of compensation.)

Is it fair for Betwell to pay several thousand dollars per quarter on account of payments which, by contract, are simply a 100% pass through of costs and do not generate income? This Court may have a "view," but, jurisdictionally, it has no "opinion." Only Congress can provide a remedy.

For the foregoing reasons, it is—

ORDERED as follows:

1. The Debtor's Motion to Determine Amount of Trustee's Fees is granted in part and denied in part.

2. The payments made by Betwell from the Gas Distribution Account were not "disbursements" under 28 U.S.C. § 1930(a)(6).

3. All payments made by Betwell from its general operating account, including operating costs recovered from the oil and gas interest owners, were "disbursements" under 28 U.S.C. § 1930(a)(6) and shall be included in the calculation of the U.S. Trustee's fees in this case.

DONE AND ORDERED.