**In re MARLON DUNN CONTRACTING, INC., Debtor.**

**Bankruptcy No. 95–09865–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 16, 1996.

### ORDER ON UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

This cause came before the Court on December 3, 1996 at the Confirmation Hearing of Marlon Dunn Contracting, Inc. (Debtor). Ben Lambers, the U.S. Trustee (U.S. Trustee) objects to the Plan of Reorganization proposed by the Debtor on the theory that the Debtor has failed to provide for full payment of the U.S. Trustee's fees as required by 11 U.S.C. § 1129(a)(12) and 28 U.S.C. § 1930(a)(6).

To support the U.S. Trustee's assertion, the U.S. Trustee relied on several recent cases. *In re Flatbush Associates*, 198 B.R. 75 (Bankr.S.D.N.Y.1996) held that a disbursement under § 1930 is any payment

whether direct or through a third party. That Court cited as authority *In re Ozark Beverage Company, Inc.,* 105 B.R. 510 (Bankr.E.D.Mo.1989) which held that disbursements encompass all expenses of a debtor in possession. Furthermore, in *In re Betwell Oil and Gas Comp.,* 191 B.R. 954 (Bankr.S.D.Fla.1996) the Court held that the operation costs paid by the Debtor and passed through to the interest owners were "disbursements." The Court went on to hold that the fact the Debtor did not profit from the pass-through recovery of the costs to the interest owners did not change the fact that the payments were made from funds of the estate and were therefore "disbursements" under § 1930(a)(6).

In the case at hand, the following relevant facts were established at the Hearing. The School Board issued joint checks payable to the Debtor and its sub-contractor. Ultimately, the monies from the joint checks went to the sub-contractor. In making the payment, the Debtor did not include the amounts of the checks as "disbursements" from its estate when computing the statutory fee for the U.S. Trustee.

Based on the cited authority, the amount of the checks, albeit labeled as "pass-through," should be included as "disbursements" under § 1930(a)(6) of the Bankruptcy Code. Thus, this Court is satisfied that the previous fees paid to the U.S. Trustee did not fulfill the Debtor's obligation under § 1930 and that the Plan proposed by the Debtor does not provide for full payment of the statutory fee to the U.S. Trustee pursuant to § 1930(a)(6). Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection is sustained and the Plan for Confirmation is denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall make proper payments to the U.S. Trustee within 30 days from the date of this Order.

DONE AND ORDERED.