### In re CELEBRITY DUPLICATING SERVICES, INC., Debtor.

**Marcy J.K. TIFFANY, United States Trustee, Appellant,**

v.

**CELEBRITY DUPLICATING SERVICES, INC., Appellee.**

No. CV 97–4726 DT. Bankruptcy No. LA 91–71753KM.

United States District Court, C.D. California.

Nov. 17, 1997.

---

5. Even at the pre-trial conference, the parties could not agree on the amount subject to setoff.

Marcy J.K. Tiffany, U.S. Trustee, Los Angeles, CA, Pro se.

Leon L. Vickman, Leon L. Vickman Law Offices, Encino, CA, for Appellee.

ORDER **AFFIRMING** THE BANKRUPT-CY COURT'S ORDER ON U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE.

TEVRIZIAN, District Judge.

### I. Background

Celebrity Duplicating Services, Inc. ("Celebrity" or "Debtor") voluntarily filed for relief under the reorganization provisions of chapter 11 of the Bankruptcy Code on April 12, 1991. A Plan of Reorganization was con-

firmed by the bankruptcy court on July 13, 1995.

On or about February 26, 1997, Debtor filed a Motion for Final Decree Closing Chapter 11 Case. In that Motion, Debtor objected to the payment of post-confirmation quarterly fees to the United States Trustee on the grounds that the Plan was confirmed prior to the effective date of certain amendments to 28 U.S.C. § 1930(a). The United States Trustee filed an objection to the issuance of a final decree on the grounds that Celebrity's statutory quarterly fees were delinquent.

On April 18, 1997, the United States Trustee filed a Motion to (1) Dismiss or Convert Case pursuant to 11 U.S.C. § 1112(b) for Failure to Pay U.S. Trustee Quarterly Fees (2) Fix Administrative Payment; and (3) to Order Payment. Celebrity objected to the United States Trustee's Motion, asserting once again that no post-confirmation fees were due because the case was confirmed prior to the amendment of section 1930(a). Celebrity also argued in the alternative that if post-confirmation fees were due, such fees should be due only in the minimum amount, without regard to disbursements.

On June 4, 1997, the bankruptcy court ruled that Celebrity must pay post-confirmation quarterly fees, and limited the amount of fees to the minimum amount under the statute. The bankruptcy court did not specify its findings of fact or conclusions of law supporting that decision. *See* June 4, 1997 Order of Bankruptcy Court.

On June 10, 1997, the United States Trustee filed in the bankruptcy court its Notice of Appeal and Objection to Hearing Before the Bankruptcy Appellate Panel.

On July 8, 1997, the United States Trustee filed a Notice of Related Cases, requesting that the present bankruptcy appeal, originally scheduled for hearing before Judge James M. Ideman, be transferred to this Court, in which the related and earlier filed case of In re Celebrity Home Entertainment, Inc., case number CV 97–4725 DT, was pending. Pursuant to that Notice of Related Case, the present action was transferred to this Court on July 24, 1997.

## II. Discussion

### A. Standard of Review

■ Decisions of the bankruptcy court may be appealed to the district court pursuant to 28 U.S.C. § 158(a). On appeal, this Court employs a de novo standard of review with respect to issues of law decided by the bankruptcy court. *In re Kashani,* 190 B.R. 875, 881 (9th Cir. BAP 1995).

### B. The Bankruptcy Court Did Not Err In Its Interpretation of Section 1930(a)(6)

Celebrity has not appealed from the bankruptcy court's order directing Celebrity to pay post-petition fees in the amount of $250.00 per quarter. Hence, the sole issue presented in this appeal is whether the United States Trustee is entitled to fees in excess of the $250.00 per month awarded by the bankruptcy court. For the reasons set forth herein, this Court finds that the bankruptcy court properly applied section 1930(a)(6) in the present case.

### 1. The 1996 Amendment to Section 1930 Extended the Fee Requirements into the Post–Petition Period

Prior to its amendment in 1996, 28 U.S.C. § 1930(a)(6) read as follows:

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until **a plan is confirmed or** the case is converted or dismissed, whichever occurs first.

28 U.S.C. § 1930(a)(6) (West 1994) (emphasis added). The 1996 amendment deleted the phrase "a plan is confirmed or." 28 U.S.C. § 1930(a)(6) (West Supp.1997). Congress subsequently clarified the applicability of section 1930 in section 109(d) of Public Law 104–208, 110 Stat. 3009: "notwithstanding any other provision of law, the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including without limitation, any cases pending as of that date), regardless of the confirmation status of their plans . . . ."

The fees payable under section 1930(a)(6) are calculated based upon the total "disbursements" made in the underlying chapter 11 case. Of particular importance to the instant case is the fact that Congress did not include a provision in the 1996 amendments that defined the term "disbursement."

### 2. This Court Must Apply the Definition of "Disbursement" Set Forth By the Ninth Circuit in Victoria Farms

■ As the Ninth Circuit recognized in *St. Angelo v. Victoria Farms, Inc.,* 38 F.3d 1525, 1534 (9th Cir.1994), the term "disbursements" is not defined anywhere in section 1930(a)(6) or in the legislative history of the statute. Nevertheless, in interpreting section 1930, the *Victoria Farms* court stated that "Congress clearly intended 'disbursements' to include all payments from the bankruptcy estate." *Id.*

Since a bankruptcy estate ceases to exist upon confirmation of a plan, payments made by a reorganized debtor are outside the scope of section 1930 "disbursements" as defined in *Victoria Farms.* Although the Ninth Circuit has yet to address whether the *Victoria Farms* definition of disbursements remains good law in the wake of the 1996 amendment to section 1930, the lower courts have split on that issue. Some courts have held that post-confirmation fees should include all disbursements made by the reorganized debtors. *See, e.g., In re Sedro–Woolley Lumber Co.,* 209 B.R. 987, 988 (Bankr. W.D.Wash.1997); *In re Corporate Business Prods.,* 209 B.R. 951, 955 (Bankr.C.D.Cal. 1997) ("Given the fact payments from both the bankruptcy estate and from reorganized debtors stem from the same 'case,' it is likely Congress intended both to be included in the calculations of quarterly fees."). Other courts have held that "[b]ecause Congress did not make its intent clear, 'disbursement' remains defined as coming from the bankruptcy estate." *In re Maruko Inc.,* 206 B.R. 225, 229 (Bankr.S.D.Cal.1997).

This Court finds the *Maruko* rationale compelling. It is well settled that Congress is charged with knowing judicially created law when it amends statutes, and that such

judicially created law can only be displaced by clearly stated Congressional intent. *See Midlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection,* 474 U.S. 494, 501, 106 S.Ct. 755, 759–60, 88 L.Ed.2d 859 (1986). This Court finds no such clearly stated intent in the amendment to section 1930. Hence, the *Victoria Farms* definition of disbursements remains applicable in the context of section 1930(a)(6) fee calculation.

The Court recognizes that Congress intended for the 1996 amendments to section 1930 to increase fee revenues by extending the fee requirements into the post-confirmation period. *See* H.R.Rep. No. 104–1096, 104th Cong., 1st Sess. at 16–17 (1995). The interpretation of section 1930(a)(6) used by the bankruptcy court in the present case furthers this goal: Celebrity was ordered by the bankruptcy court to pay the United States Trustee $750.00 in post-confirmation fees.

This Court notes that under the *Victoria Farms* definition of "disbursements," no reorganized debtor would ever be required to pay more than the minimum amount of quarterly fees, since under *Victoria Farms* the bankruptcy estate is by definition incapable of making disbursements after confirmation of a reorganization plan. However, bearing in mind the fact that Congress failed in the 1996 amendment to express a specific intent to abrogate the *Victoria Farms* definition of disbursements, this Court is bound by *stare decisis* and the plain language of 28 U.S.C. § 1930(a)(6) to affirm the order of the bankruptcy court. A change in this law must come from further amendment of the statute, or a decision by the Ninth Circuit to clarify the application of *Victoria Farms.* Both of these events are beyond the jurisdiction of this Court.

Therefore, for the foregoing reasons, the June 4 Order of the bankruptcy court ordering Celebrity to pay fees in the minimum statutory amount of $250.00 per quarter for the third and fourth quarters of 1996 and the first quarter of 1997 is **AFFIRMED.** This case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**