**In re JAMKO, INC., d/b/a Shoe Bazaar, Debtor.**

**Donald F. Walton, Acting U.S. Trustee, Appellant,**

**v.**

**In re Jamko, Inc. d/b/a Shoe Bazaar, Appellee.**

**No. 97–6042–CIV.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

July 21, 1999.

Howard Jay Berlin, Deborah Berlin Talenfeld, Kluger Peretz Kaplan & Berlin, Miami, FL, for Jamko, Inc.

Paul Bridenhagen, U.S. Dept. of Justice, Executive Office of U.S. Trustee, Washington, DC, Ramona Elliott, Office of U.S. Trustee, Miami, FL.

*FINAL ORDER REVERSING BANKRUPTCY COURT'S ORDER ORDER REMANDING CASE TO BANKRUPTCY COURT TO IMPOSE POST–CONFIRMATION FEES*

DIMITROULEAS, District Judge.

THIS CAUSE came before the Court upon transfer of the case to the under-

signed on June 29, 1999. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a), as this case is an appeal by the United States Trustee of Orders of Bankruptcy Judge Raymond B. Ray entitled *"Order Confirming Jamko Inc.'s Second Amended Plan of Reorganization"* (entered December 3, 1996) and *"Order Denying United States Trustee's Motion to Resolve Dispute Regarding Post–Confirmation Quarterly Fees"* (also entered December 3, 1996). The Court has carefully considered the appeal, and the entire record on appeal, and is otherwise fully advised in the premises.

## I. ISSUE ON APPEAL

This case concerns the statutory construction of 28 U.S.C. § 1930(a)(6), involving the imposition of post-confirmation quarterly fees upon a Chapter 11 debtor. The Appellant, Office of the United States Trustee ("Trustee"), seeks to reverse the Bankruptcy Court's Orders rejecting the Trustee's position that post-confirmation fees must be based upon all disbursements of the reorganized debtor. Appellee argues that the Bankruptcy Court was correct in holding that fees are imposed on only those disbursements made pursuant to the confirmed reorganization plan.

## II. PROCEDURAL BACKGROUND

The procedural background in this case is fairly simple and not in dispute. The debtor, Jamko Inc., d/b/a Shoe Bazaar ("Debtor"), entered into a Chapter 11 bankruptcy proceeding. Following the submission of a Second Amended Plan of Reorganization ("Plan"), the Bankruptcy Court held a hearing on the Trustee's Motion to Resolve Dispute Regarding Post–Confirmation Quarterly Fees. The Debtor and the Trustee disagreed as to the basis for calculating the amount of "disbursements" in figuring the amount of fees under 28 U.S.C. § 1930(a)(6). Following the hearing, the Bankruptcy Court agreed with the Debtor and issued an order confirming the Plan. The Bankruptcy Court rejected the Trustee's theory of imposing post-confirmation fees on all disbursements and concluded that fees should be imposed only on disbursements made under the Plan.

## III. STANDARD OF REVIEW

The Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069, 1071 (11th Cir. 1990). Equitable determinations by the bankruptcy court are reviewed for abuse of discretion, *In re Red Carpet Corp.*, 902 F.2d 883 (11th Cir.1990), while conclusions of law are reviewed by the District Court *de novo*. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

## IV. DISCUSSION

Prior to January 26, 1996, Section 1930(a)(6) stated as follows:

> In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit into the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) *until a plan is confirmed or the case is converted or dismissed, whichever occurs first....*

28 U.S.C. § 1930(a)(6) (1994) (emphasis added).

On January 26, 1996, Congress amended § 1930(a)(6). The amendment struck the phrase "a plan is confirmed or" from § 1930(a)(6), leaving that section to read, in part:

> In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit into the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) *until the case is converted or dismissed, whichever occurs first....*

28 U.S.C. § 1930(a)(6) (1997) (emphasis added). The plain language of the provision permits the imposition of fees, in cases pending as of January 27, 1996,[1] regardless of the status of a debtor's plan. As amended, Section 1930(a)(6) requires debtors to pay quarterly fees until the case is dismissed or converted to Chapter 7. Before the amendment, a debtor's obligation for quarterly fees ceased upon confirmation of a reorganization plan, if confirmation preceded dismissal or conversion. The parties do not dispute that the debtor must pay the fees after confirmation until the case is confirmed or dismissed. Rather, the parties dispute how the fees should be calculated.

Section 1930(a)(6) contains a sliding fee scale to calculate the fees to be paid to the Trustee, based upon the amount of "disbursements" made by a Chapter 11 debtor. The greater the dollar amount disbursed, the greater the fee. However, the term "disbursements" is not defined in the statute, nor is it defined in the Bankruptcy Code. The Trustee asserts that "disbursements" includes all disbursements of the Debtor. The Debtor asserts that "disbursements" includes only the disbursements made under the confirmed plan. The Court agrees with the Trustee.

The starting point in any statutory construction analysis is that the plain language of the statute must govern. *Estate of Cowart v. Nicklos Drilling Company*, 505 U.S. 469, 475, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992) ("[I]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."). In the present case,

the Court finds that the plain language of Section 1930(a)(6) is clear and must control.

The Court notes that there is an absence of any appellate court interpretation of the amended Section 1930(a)(6), and that District and Bankruptcy Courts across this country have split in determining the meaning of "disbursements" as applied to post-confirmation fees. Compare *In re Betwell Oil and Gas Co.*, 191 B.R. 954 (Bankr.S.D.Fla.1996), *affirmed*, Case No. 97cv774, unpublished opinion of Judge Alan S. Gold (October 7, 1998); *In re Celebrity Duplicating Services*, 216 B.R. 942 (C.D.Cal.1997), with *In Re Maruko, Inc.*, 219 B.R. 567 (S.D.Cal.1998); *Vergos v. Uncle Bud's, Inc.*, 1998 WL 652542 (M.D.Tenn.1998). This Court, however, will follow those courts that have held that because Congress did not limit the meaning of "disbursements" in the post-confirmation setting, no such limit exists. Prior to the amendment, "disbursements" clearly included all disbursements. Thus, after the amendment, post-confirmation fees must likewise be calculated upon all disbursements, not just those made pursuant to the reorganization plan. *In Re Maruko, Inc.*, 219 B.R. at 572; *Vergos v. Uncle Bud's, Inc.*, 1998 WL 652542 at *7. It would not be proper statutory construction to change the meaning of disbursement in the post-confirmation period from its use pre-confirmation without such direction from Congress.[2] If Congress meant to limit disbursements to those made pursuant to the reorganization plan, then Congress could have amended the statute to add those words.

The Bankruptcy Court, and the Appellee, essentially add the words "made pursuant to the Plan of Reorganization" after the word "disbursements" in Section

---

1. The amended Section 1930(a)(6) applies to all Chapter 11 proceedings pending on January 27, 1996 or filed thereafter. Appellee's proceeding was still pending on that date.

2. While the Appellee argues that it is other portions of Chapter 11 itself that should limit post-confirmation fees to fit in to the accepted

"day-to-day world of bankruptcy practice," this Court cannot add words to the statute. In addition, it must be assumed that Congress knew of the allegedly contradictory provisions of Chapter 11 prior to its amendment of Section 1930(a)(6).

1930(a)(6).[3] While the Court understands and appreciates the Bankruptcy Court's analysis of limiting disbursements to those made pursuant to the plan, or in other-words, those disbursements that remain in the "bankruptcy estate," *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir. 1994), *modified,* 46 F.3d 969 (9th Cir. 1995)[4]; *In re Betwell Oil and Gas Co.*, 191 B.R. 954 (Bankr.S.D.Fla.1996), *affirmed,* Case No. 97cv774, unpublished opinion of Judge Alan S. Gold (October 7, 1998), the plain language of Section 1930(a)(6) must control.

Finally, even if the plain meaning of the statute was not clear, the legislative history provided by Appellant shows that Congress intended the 1996 amendment of Section 1930(a)(6) to raise revenue. H.R.Conf.Rep. No. 104–378, 141 Cong.Rec. H13874, H13894 (daily ed. December 4, 1995); H.R.Rep. No. 104–196, at 16 (1995). Of course, if disbursements are limited to those from the plan or bankruptcy estate, the fees imposed post-confirmation would almost always be at the minimum. While some courts and Appellee argue that this minimum amount is still a raise in revenue and thus consistent with Congressional intent, it is more likely that Congress intended to raise revenue by calculating the fee based upon all disbursements in the post-confirmation period, just as has been done prior to confirmation.

## V. CONCLUSION

Accordingly, it is **ORDERED AND AD-JUDGED** as follows:

1. The Bankruptcy Court's Orders *"Order Confirming Jamko Inc.'s Second Amended Plan of Reorganization"* (entered December 3, 1996) and *"Order Denying United States Trustee's Motion to Resolve Dispute Regarding Post–Confirmation Quarterly Fees"* (also entered December 3, 1996) are hereby **REVERSED** regarding the issue of post-confirmation fees;

2. This case is hereby **REMANDED** to the Bankruptcy Court for proceedings to determine the proper amount of fees based upon this opinion;

3. All pending motions are **DENIED AS MOOT;**

4. The Clerk shall close this case.

---

3. See paragraph 15 of *"Order Confirming Jamko, Inc.'s Second Amended Plan of Reorganization"* at page 6.

4. This case held that "disbursements" should be interpreted as expansive, but held that "Congress clearly intended 'disbursements' to include all payments from the bankruptcy estate." *St. Angelo,* 38 F.3d at 1534. Following the 1996 amendment of Section 1930(a)(6), courts either focus on the "all payments" language or the "from the bankruptcy estate" language. Since *St. Angelo* was decided prior to the 1996 amendment of Section 1930(a)(6), it is not dispositive of the current issue before this Court.